## JAMES ROUGHAN *vs.* BOSTON AND LOCKPORT BLOCK COMPANY.

Suffolk.    November 23, 1893. — March 3, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Sale — Breach of Warranty — Personal Injuries — Master and Servant — Defective Appliance — Damages.*

If A. buys of B., an experienced manufacturer, with whom he has long dealt, an appliance which he is assured is the best for the purpose for which it is intended, which is of a kind that he has used before in his business, and which, while being used in the proper and ordinary manner in doing the work for which it is designed, breaks, by reason of a hidden flaw which could not have been detected upon a careful inspection, within two months after it is put in use, while in the ordinary course of wear it should have lasted for years, and the accident injures, while in the regular discharge of his duties and without his fault, a servant of A., who, without suit and without notice to B., compensates the servant for his injuries, A. cannot recover, in an action against B. for breach of warranty in the sale, the amount so paid as compensation to his servant.

CONTRACT, for an alleged breach of warranty in the sale of a certain block manufactured for and sold to the plaintiff by the defendant.    Trial in the Superior Court, before *Richardson*, J., who directed the jury to return a verdict for the plaintiff in the sum of $15.25; and reported the case for the determination of this court.    The facts appear in the opinion.

*F. E. Fitz*, for the defendant.

*H. N. Sheldon*, for the plaintiff.

BARKER, J.    The defendant now concedes that judgment should be entered on the verdict, which was the amount agreed by the parties to be the diminished value of the block by reason of the breaking; but the plaintiff contends that he should also recover the sum which he has paid to his servant as compensation for his injury occasioned by the breaking of the block, and

this is the only question for decision.   That sum was paid without suit, and without communication with the defendant, and the plaintiff cannot recover it in this action, whatever warranty there may have been upon the sale to him of the block, unless he was upon the facts stated in the report himself liable to his servant for the injury.   And we are of opinion that he was not so liable, no evidence of negligence or fault on his part toward the servant being shown in the report.

The block broke a month or two after it was put in use, in doing the work for which it was designed, while in the ordinary course of wear it should have lasted for years.   When the block gave way it was discovered that there was a flaw, to which presumably the breaking was due, and which before the break was hidden by other parts of the block.   The defendant was an experienced manufacturer of such implements, and the plaintiff had been in the habit of buying blocks of the defendant for years.   When this block was ordered, the plaintiff asked for the best coal-hoisting block the defendant had made, and looked through the store and examined the catalogue, and ordered the block which he was assured was the best for the purpose, and it was of a kind which he had used before.   When the block gave way it was being used in the proper and ordinary manner.   It is conceded that the servant was not himself in fault, and that he received his injury in the regular discharge of his work.   These are all the circumstances stated in the report which bear upon the question whether the plaintiff was liable to his servant, or whether that question ought to have been submitted to the jury.

The plaintiff was not under an absolute obligation to his servant that the block should not break.   His duty was to use reasonable care to procure and keep safe appliances ; and if he discharged his duty in these particulars, and the block gave way without his fault, he was not liable to his servant, who took as one of the risks of his employment the chance of injury from apparatus which his employer had used due care in procuring, and in keeping in such condition as to be safe. The facts stated in the report are susceptible of only one general inference, namely that in ordering from an experienced manufacturer the best block for the purpose for which it was to be used, and in keeping it in use for that purpose in the proper

and ordinary manner for not more than two months, when it should have lasted for years, he was not in fault, either in procuring the block, or in keeping it in use, when it gave way from a flaw which had been hidden, and which it is plain would not have been detected upon careful inspection. *Ladd* v. *New Bedford Railroad*, 119 Mass. 412. *Holden* v. *Fitchburg Railroad*, 129 Mass. 268. *Spicer* v. *South Boston Iron Co.* 138 Mass. 426, 430. The block was one of that class of implements which the employer is expected to buy; and the care he is bound to use in providing it is in making the selection, and includes such inspection as will detect defects which can be found by a careful inspection. But this does not require him to find a possible hidden flaw, the presence of which there is no reason to apprehend, and which is so concealed in the construction of the machine that it cannot be discovered by inspection, nor does it make him responsible for such a flaw in the block which he has purchased with due care. *Moynihan* v. *Hills Co.* 146 Mass. 586, 594.

This view of the case makes it unnecessary to consider whether there was an express or implied warranty that the block was proper and suitable, and properly constructed of suitable material for the hoisting of coal, and whether if there was a warranty the. defendant would be liable upon it for damages which the plaintiff might be compelled to pay to a workman injured by his negligently furnishing it for his use or negligently allowing it to continue in use. On these points we express no opinion.

*Judgment on the verdict.*