### HUBERT GOLDEN *vs.* PATRICK W. MANNEX.

Norfolk. March 27, 1913. — May 22, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Negligence,* Employer's liability, *Res ipsa loquitur. Evidence,* Opinion: experts. *Practice, Civil,* Exceptions.

At the trial of an action against the proprietor of a quarry by an employee for personal injuries caused by the falling of a stone by reason of the breaking of a cable which was being used to hoist it, it appeared that the defendant had purchased the cable and had begun using it about seven months before the accident and that

when purchased it was the best of its kind. There was evidence tending to show that the cable repeatedly had been subjected to undue strains, the effect of which was to weaken it, that some of its strands were broken, and that its condition would have been apparent on inspection. It broke while lifting a stone weighing less than its "safe load." *Held,* that there was evidence from which the jury might find that the defendant had not taken proper care to inspect the cable and that he was negligent in not having observed its weakened condition and in allowing it to be used on the occasion in question.

In an action for personal injuries caused by the breaking of a cable when it was bearing a load which, if it had been in proper condition, it would have borne under the circumstances without breaking, the mere fact that the cable broke is some evidence that it had become unsound.

If, under the circumstances in evidence at the trial of an action for personal injuries caused by the breaking of a cable, the mere breaking of the cable is evidence that it had become unsound, the jury, although the plaintiff attempts to explain the cause of the breaking, may find such explanation to be unsatisfactory and still may find for the plaintiff by applying the doctrine of *res ipsa loquitur.*

It cannot be said that testimony by an expert witness at the trial of an action for personal injuries caused by the breaking of a cable, which was to the effect that a wearing down of the strands of a cable of the type that broke would diminish its strength, was inadmissible as being upon a matter of common knowledge, where there was evidence of the defendant tending to show that such abrasion would not have that effect.

Tort for personal injuries received by the plaintiff while at work in a quarry of the defendant and caused by the breaking of a steel cable on a derrick and the consequent falling of a block of granite. Writ dated March 18, 1910.

The declaration contained four counts, but the plaintiff elected to proceed upon the first count only, which was a count at common law and which alleged negligence on the part of the defendant in not providing a safe and suitable place for the plaintiff to work in or safe and suitable appliances to work with.

In the Superior Court the case was tried before *Crosby,* J.

There was evidence tending to show that the cable was sold to the defendant on April 28, 1909, and that it was a "five-eighth inch crucible steel hoisting cable," sound when it was sold and the best of its kind; that the defendant began using it in May; that, as rigged, with its strength unimpaired, a "safe load" for it was seven and a half tons; that occasionally, perhaps once a week, blocks would be hoisted weighing twelve or thirteen or perhaps fourteen tons; that sometimes for two or three weeks no stones of such size would be hoisted, but that for the most part the stones hoisted weighed from seven to eight tons; that the cable also had

been used to dislodge blocks of granite not entirely loosened from the mother rock and weighing fifteen or sixteen tons, and to turn or cant over stones probably weighing fifteen or twenty tons. There was testimony by expert witnesses that such use of the cable was likely to strain the cable and to diminish its strength.

It appeared that the cable broke on December 15, 1909, while it was carrying a stone weighing about six tons. Expert witnesses for the plaintiff, after an examination of the point of fracture of the cable, testified that a number of strands had been broken previously, that there was some abrasion, and that it appeared that the cable broke from the strain of a load which was heavier than it then could bear.

The testimony of the witness Woods, objected to by the defendant without the saving of an exception, as stated in the opinion, was a description of the condition of the whole cable of which a piece which he had been describing to the jury was a part. Other witnesses identified that piece as having been taken from the cable, the breaking of which caused the plaintiff's injuries.

At the close of the evidence the defendant asked the judge to rule that upon all the evidence the plaintiff could not recover, and that he could not recover on the count upon which he had elected to proceed. The rulings were refused. The jury found for the plaintiff in the sum of $3,000; and the defendant alleged exceptions.

Other facts are stated in the opinion.

*J. A. Lowell,* (*K. Howes* with him,) for the defendant.

*D. A. Ellis,* (*C. J. McGilvray* with him,) for the plaintiff.

SHELDON, J. It is not necessary to repeat the evidence. The jury could well find that the plaintiff was in the exercise of due care. They could find that the cable in use had been subjected to undue strains by lifting heavier loads than it was adapted for, that some of its strands or wires had become broken, and that it was so weakened as to be unsafe for the purpose for which it was being used. They could find that the defendant had not taken proper care to inspect it, and was negligent in not having discovered its weakened condition and in allowing it to be used on this occasion. It follows that his requests for rulings rightly were refused. Moreover the very fact that the cable broke as it did was some evidence that it had become unsound. *Doherty* v. *Booth,* 200 Mass. 522, 525. And an unsuccessful attempt of the plaintiff to

explain the accident would not prevent the drawing of this infer- ence. *McNamara* v. *Boston & Maine Railroad,* 202 Mass. 491, 497. *McDonough* v. *Boston Elevated Railway,* 208 Mass. 436, 440. Whether the attempt was unsuccessful was of course for the jury to say.

The testimony of Johnson that the effect of the wearing down of the strands on a cable of this type would be to diminish its strength was not incompetent. We cannot say that this was a matter of common knowledge, as in *Doherty* v. *Booth,* 200 Mass. 522, 526, in view of the testimony put in by the defendant that this abrasion would not have the effect claimed by the plaintiff.

The testimony of Woods, which the defendant has argued ought not to have been admitted, was indeed objected to by the defend- ant, but its admission was not excepted to. We do not intimate that the exception could have been sustained if it had been taken.

What we have said disposes of all the points that have been argued.

*Exceptions overruled.*