JOSEPH TIERNEY *vs.* MERCHANTS STEAM LIGHTER COMPANY.

Suffolk.    January 13, 1913. — May 23, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Negligence,* Employer's liability.

If a longshoreman is put at work by his employer upon a barge which is being used in the employer's business and is under his exclusive control, it is the duty of the employer to use due care to see that in the use of the barge there is no danger to the employee so long as he is careful, and this duty is not affected by the ownership of the barge.

In an action by a longshoreman against his employer, who was in exclusive control of a barge and was using it in his business, to recover for personal injuries caused by the plaintiff falling into the hold of the barge because, as he was helping to remove the hatches and was pulling on a rope intended to be used to lift the "strong back," the rope broke, the evidence warranted findings that the rope was defective and unsafe for such use, that its condition would have been disclosed by a proper inspection, that no such inspection was made by the defendant, that the defect was not obvious and that the plaintiff neither knew nor had any reason to suspect the existence of the defect; and it was *held,* that the questions of the plaintiff's due care and of the defendant's negligence were for the jury.

TORT for personal injuries alleged to have been received by the plaintiff while he was in the defendant's employ as a longshoreman and was assisting in the removal .of the hatches of a barge and for that purpose was lifting one of the beams of the hatches, called the "strong back," by a rope fastened to it and intended to be used for that purpose, when the rope gave way and he fell into the hold. Writ dated December 17, 1909.

In the Superior Court the case was tried before *Stevens,* J. The facts which could have been found upon the evidence are stated in the opinion. At the close of the evidence the defendant presented requests for rulings which were in substance that on all the evidence and the pleadings the plaintiff was not entitled to recover. The requests were refused.

The defendant excepted to the following portion of the charge to the jury:

"This lighter was not owned by the defendant corporation, but . . . had been hired and had been used by the defendant

for about a week. Well, that makes no difference, if it was used by the defendant, and it put its servants upon it for the purpose of performing the work of the defendant, then the defendant's liability is the same as though it had been the owner of the lighter."

The jury found for the plaintiff in the sum of $2,200; and the defendant alleged exceptions.

The case was submitted on briefs.

*M. O. Garner,* for the defendant.

*F. J. Daggett, D. B. Jefferson & F. P. Garland,* for the plaintiff.

HAMMOND, J.   At the time of the accident the barge was being used in the business of the defendant corporation and was under its exclusive control. The defendant was therefore under an obligation to use due care to see that in using it there was no danger to a careful employee; and that is so whether the barge was owned or borrowed by the defendant. *Spaulding* v. *Flynt Granite Co.* 159 Mass. 587.   *Ladd* v. *New York, New Haven, & Hartford Railroad,* 193 Mass. 359, and cases cited.

The evidence warranted findings that the rope which parted was defective and unsafe for the use for which it was intended; that a proper inspection on the part of the defendant would have disclosed the defect; that such inspection was not made by the defendant; that the plaintiff however had the right to assume that it had been made and to act accordingly; that the defect was not obvious to the plaintiff, and that in using the rope as he did he did not assume the risk; that he neither knew of nor had any reason to suspect the defect, and that, while in the exercise of due care he was using the rope, he was injured by reason of the negligence of the defendant. No citations are needed to show that such findings would entitle the plaintiff to a verdict. The case is clearly distinguishable from the class of cases of which *Roughan* v. *Boston & Lockport Block Co.* 161 Mass. 24, cited by the defendant, is a type. The judge rightly refused to rule as requested by the defendant.

The exception taken to a portion of the charge to the jury is not pressed in the brief of the defendant, and in view of its nature we regard it as waived.

The defendant complains of the amount of the verdict. But with that question this court cannot deal.

*Exceptions overruled.*