ELIZABETH R. HIX, administratrix, *vs.* NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

Middlesex. March 5, 1918. — May 25, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Employer's liability, Contributory. *Workmen's Compensation Act.*

In an action against a railroad corporation under St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, and St. 1912, c. 354, for causing the death of one employed by it as a member of an engineering crew that had been engaged in cutting a new piece of road through a ledge, it appeared that the plaintiff's intestate was killed by the breaking of a rope by which he was being hoisted to the top of the cliff formed by the cutting after he had made some measurements on the face of the cliff, that the defendant had ropes at its storehouses twenty-five miles away but had none at the place of the accident and that the rope by which the intestate was hoisted had been found by the foreman of the engineering gang on the top of the cliff, where apparently it had been left by the contractor who had made the cutting, that this rope was tested in the presence of the foreman of the gang and the intestate and had been used by each of them at another point of the cutting and that the defendant's civil engineer in charge of the whole work saw and acquiesced in the use of the rope. *Held,* that the defendant's duty of exercising reasonable diligence to furnish its employees with necessary and suitable ropes and to inspect and repair them was none the less the duty of the defendant itself because it was left to be performed by its civil engineer or the foreman of the engineering gang, and that the jury would be warranted in finding that the rope which was provided for hoisting the intestate was weak and unsafe, that the defendant had not used proper care to inspect it and that the defendant was negligent in permitting this rope to be used for such a purpose.

*Whether* the provisions of St. 1911, c. 751, Part I, § 1, deprive a railroad corporation which is not a subscriber under the workmen's compensation act of the defences of contributory negligence and assumption of risk in an action brought against it under St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, and St. 1912, c. 354, for causing the death of one of its employees, here was mentioned as a question which it was not necessary to decide in the present case.

In the case above described it appeared that the intestate was a minor, mainly occupied as a student in an engineering school, with little practical knowledge of engineering work, that the defective condition of the rope was not obvious, that the intestate did not know and had no reason to suspect that it was unsafe for use and had seen an experienced fellow employee test and use the rope, and that at the time of the accident he was acting in the line of his duty and was using the rope in a proper manner. *Held,* that there was no evidence on which

the defendant could set up the defence that the employee was negligent or the defence that the employee had assumed the risk of the injury, if either of those defences was open to it under the statutes.

TORT against a railroad corporation under St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392, and St. 1912, c. 354, by the administratrix of the estate of Warren A. Hix, late of Concord, for causing the death of the plaintiff's intestate on October 9, 1913, when he in the employ of the defendant was engaged in making measurements on the face of a steep or vertical cliff adjoining the defendant's railroad property at Becket, by failing to provide a reasonably safe rope for the intestate to be lowered over the edge of the cliff for the purpose of making such measurements and to be hoisted up again. Writ dated October 2, 1914.

The declaration contained three counts, the first alleging a failure to provide the plaintiff with suitable appliances and a defect in the defendant's ways, works or machinery, the second alleging a failure to furnish the plaintiff with a sufficient number of reasonably careful and competent fellow servants, and the third alleging a failure to warn and instruct the plaintiff as to defects and dangers.

In the Superior Court the case was tried before *Wait,* J. At the close of the plaintiff's evidence, which is described in the opinion, the judge, at the request of the defendant, ruled that there was not sufficient evidence to go to the jury, and thereupon, by agreement of the parties, ordered a verdict for the defendant, and reported the case for determination by this court, with a stipulation of the parties that, if there was any evidence which should have been submitted to the jury, judgment should be entered for the plaintiff in the sum of $2,000; otherwise, judgment was to be entered for the defendant on the verdict.

The case was submitted on briefs.

*C. H. Tyler, B. Corneau & B. E. Eames,* for the plaintiff.

*G. L. Mayberry & L. A. Mayberry,* for the defendant.

DE COURCY, J. The plaintiff's intestate, Warren A. Hix, was instantly killed on October 9, 1913, while working as one of an engineering crew in the employ of the defendant. This action is brought to recover damages in the nature of a penalty prescribed by St. 1906, c. 463, Part I, § 63, as amended by St. 1907, c. 392,

and St. 1912, c. 354. The only question presented is, whether there was evidence entitling the plaintiff to go to the jury.

The evidence would warrant the finding of the following facts: The defendant was building a new piece of road at Becket, the work of excavation being done by an independent contractor. At the place where the injury occurred a cut had been made through a ledge, and its sides were from fifty-five to sixty-five feet in height and substantially vertical. The contractor had finished his work at this place, with the exception of knocking off some projecting stone, and his men were working on the east end of the job, one thousand feet or more away. A gang of five engineers, all employees of the defendant, was making measurements for the final estimates of the amounts to be paid to the contractor. At times it was necessary for someone to go down the face of the cliff to measure the cross-sections; and this was part of the work of the chainman, Hix, or of one Boothby. A rope was needed for this purpose. While the defendant had ropes and other appliances at its storehouses in Pittsfield and Springfield, twenty-five miles away, it had none at the place of the accident. Boothby, who had charge of the engineering gang when the civil engineer Bonnemort was absent, found a rope, an inch or more in size, on the top of the cliff, — apparently abandoned or left there by the contractor. This rope was tested in the presence of Boothby and Hix. It was used by both, in turn, at another point in the cut. The foreman, Bonnemort, who was on the ground in the cut, saw and acquiesced in the use of the rope at the place of the accident. Here it was suspended over the rock edge of the cliff, the other end being wound around a stump, and held by one Strong. Hix went down, took some measurements, and returning had reached the edge of the cliff where Boothby was waiting to give him a hand, when the rope parted, and he fell to the bottom of the cut, and was killed.

The duty of exercising reasonable diligence to furnish its employees with necessary and suitable ropes, and the continuing duty of inspection and repair, was personal to the defendant. It could not be avoided by delegating its performance to the foreman. The failure of the foreman to supply and inspect the rope would be that of the employer whose duty he was undertaking to perform. *Ryan* v. *Fall River Iron Works Co.* 200 Mass. 188, 192. If the

defendant saw fit to adopt the rope of another, rather than bring one of its own from a storehouse twenty-five miles away, its duty of inspection remained the same. *L'Hote* v. *S. B. Dibble Lumber Co.* 203 Mass. 294. *Tierney* v. *Merchants Steam Lighter Co.* 214 Mass. 540. The jury would be warranted in finding that the rope which was provided for the use of Hix was weak and unsafe, that the defendant had not used proper care to inspect it, and was negligent in permitting it to be used for such a purpose. *Doherty* v. *Booth*, 200 Mass. 522. *Golden* v. *Mannex*, 214 Mass. 502.

The defendant railroad company was not a subscriber under the workmen's compensation act, St. 1911, c. 751; and it is argued by the plaintiff that the company is deprived of the defences of contributory negligence and assumption of risk on the part of the intestate, by virtue of the provisions of Part I, § 1 of the act. On the other hand, the defendant contends that the railroad death statute, under which this action is brought, is not affected by the provisions in the workmen's compensation act dealing with the death of employees. Assuming, without deciding, that the defendant's contention is correct, nevertheless in this case there was ample evidence of the intestate's due care. He was a minor, mainly occupied as a student in an engineering school, with little practical knowledge of engineering work. He had seen an experienced fellow employee test and use this rope; and he was acting in the line of his duty and in a proper manner in using it. *Graham* v. *Badger*, 164 Mass. 42. *Donahue* v. *Buck & Co.* 197 Mass. 550. And as the assumption of risk was a matter of affirmative defence, it was for the jury to decide whether it was made out. It could be found that the defective condition of the rope was not obvious, and that Hix did not know or have reason to suspect that it was unsafe for use. *Leary* v. *William G. Webber Co.* 210 Mass. 68.

As there was evidence which entitled the plaintiff to go to the jury, on the first count at least, in accordance with the terms of the report the entry must be

*Judgment for the plaintiff in the sum of $2,000.*