*Northern District*

No. 5083

**AGNES POULIN, et al**

v.

**H. A. TOBEY LUMBER CORP.**

(April 1, 1957)

*Northrup, J.* This is an action of tort for personal injuries. The plaintiffs' declaration is in two counts. Under count one, the plaintiff, Agnes Poulin, seeks to recover damages for personal injuries sustained on August 10, 1955 when she was struck by pieces of lumber which allegedly fell from a passing truck and injured her, while she was walking along the sidewalk on Exchange Street, Malden, Mass. The

plaintiff Robert P. Poulin, her husband, seeks under count two of the declaration to recover consequential damages.

The trial court found for each plaintiff. The defendant duly filed the following request for ruling.

"(1) The evidence is insufficient to warrant a finding that the defendant was negligent".

The trial court denied this request and made the following findings of facts:

"On all the evidence I find the following facts: The operator of the defendant's truck made a report in writing to the police in which he stated he had made a left turn from Commercial Street into Exchange Street when his front rope holding a load of lumber snapped and spilled the lumber over the street and sidewalk and that a pedestrian walking East on the South sidewalk on Exchange Street was struck and knocked down by the flying lumber; the plaintiff was the pedestrian referred to by the defendant's operator".

"The plaintiff was, at the time of the injury, in the exercise of due care." "The injury resulted from the negligence of the defendant, its agents or servants".

The only question is whether there was prejudicial error in the denial of the defendant's request for ruling. The following is a summary of all the testimony at the trial bearing on the defendant's negligence:

The plaintiff testified that on August 10, 1955 at about 7:45 A.M. while walking on the south sidewalk of Exchange Street, Malden, about 50 feet from the corner of Commercial Street, she heard a noise and thought she would turn around but, before she could do so, "the lumber was all around her". The lumber struck her on both legs knocking her to the ground. The only other evidence bearing on the question of the defendant's negligence was the written statement of a conversation that a police officer had with the "Operator of truck". This statement was introduced in evidence *without ob-*

*jection* and the portion of said statement set forth in the report reads as follows:

"Operator of truck said he had made a left turn from Commercial Street into Exchange Street when his front rope holding a load of lumber snapped and spilled the lumber over the street and sidewalk. A pedestrian walking East on the south sidewalk of Exchange Street was struck and knocked down by the flying lumber."

There was no other evidence on the issue of the defendant's negligence. In order for this Court to affirm the trial court's ruling that the defendant was negligent, the report must show, not only evidence of negligence but also evidence that the person guilty of negligence was the agent, servant, or employee of the defendant, or a person for whose acts the defendant was responsible under the provisions of G. L. (Ter. Ed.) c. 231, §85A. In this case we find neither.

(1) The defendant is a corporation and there is no evidence that the "Operator of truck" was an agent, servant or employee of the defendant corporation acting within the scope of his employment, nor is there any evidence that he was a person for whose acts the defendant might be responsible as provided in G. L. (Ter. Ed.) c. 231, §85A. The report identifies the operator of the truck only as "Operator of truck". There is not only no evidence of agency in the report but there are no facts from which such agency might be inferred as are found in *Kelly v. Railway Express Agency Inc.*, 302 Mass. 301 and *Bartley v. Almeida*, 322 Mass. 104.

Furthermore, inasmuch as there is no evidence that the truck involved was registered to the defendant corporation, the plaintiff cannot take advantage of G. L. (Ter. Ed.) c. 231, §85A. The material part of this statute reads "evidence that at the time of such accident or collision it was registered in the name of the defendant as owner shall be prima facie evidence that it was then being operated by and

under the control of a person for whose conduct the defendant was legally responsible . . . . . . . . . . . . ."

In *Bartley v. Almeida,* 322 Mass. 104, 107 the court said:

"Since there was no evidence that the truck was registered in the name of Joseph Almeida as owner, the plaintiff derives no aid from G. L. (Ter. Ed.) c. 231, §85A. *Kelly v. Railway Express Agency, Inc.,* 315 Mass. 301, 302."

There is nothing in the report connecting the defendant in any way with the truck, the operator, or the accident and in the absence of such evidence no finding of negligence on the part of the defendant corporation is warranted.

(2) Even if the truck were being operated at the time of the accident by a person for whose acts the defendant was responsible, there is in our opinion no evidence of negligence as against the defendant corporation.

The testimony of the plaintiff herself went no further than to show the happening of an accident which in and of itself is no evidence of negligence. *Felch v. D'Amico,* 326 Mass. 196.

The only other testimony is the written statement of a conversation which a police officer had with the "Operator of truck" who is not otherwise identified in the report. This testimony had no probative effect so far as the negligence of the defendant corporation is concerned nor could it be considered as evidence against the defendant. In the absence of some evidence of authorization, they are admissions against the operator only. Such unauthorized statements by a third person cannot be considered admissions as against the defendant nor can they be considered as evidence of the facts in an action against it. In *Gillet v. Shaw,* 217 Mass. 59, 62, the court said:

"It may be added, however, that the statements of the chauffeur after the accident even if material to the issue, could not bind his employer as an

admission of liability — *Boston & Maine Railroad v. Ordway,* 140 Mass. 510; *Richstain v. Washington Mills Co.,* 158 Mass. 538".

In *Morton v. Dobson,* 307 Mass. 394, 397, the court said:

"The declarations made by Dobson to various officers concerning the happening of the accident were not competent evidence in the case against the corporate defendant and were rightly limited to the case against Dobson. *Conklin v. Consolidated Railway,* 196 Mass. 302; *Parsons v. Dwightstead Co.,* 301 Mass. 324; *Ferguson v. Ashkenazy* Ante 197".

In *Ferguson v. Ashkenazy,* 307 Mass. 197 the court held that the statements of a janitor as to the safety of the premises did not bind the owner of the apartment house, and in *Parsons v. Dwightstead Co.,* 301 Mass. 324, 327, the court said: "Even though both men could be found to be in charge of making repairs upon the defendant's property, neither was shown to be authorized to bind his principal by an admission made subsequently to the accident". Leach's handbook of Massachusetts Evidence, Third Edition, page 109 recognizes this principle in the following words: "The statements of an agent become admissions of the principal only when the agent as part of his duties is authorized to make the kind of statement offered."

Failure to object to the admission of such a statement in evidence does not change the fundamental requirements of the law of agency. The principle that a party cannot be bound by unauthorized admissions of a third person is founded upon substantive law and is not a matter of mere procedure. Fundamental principles of agency are involved and all of the requirements of substantive law must be met before such statements can be considered as admissions against a party not making them. Failure

to object to the admission of said statements does not waive such requirements nor does it satisfy them.

No finding could be made by the trial court that the accident happened in the manner set forth in the statement of the operator and in the absence of such evidence, there was nothing to show how the accident happened. The finding of negligence on the part of the defendant was unwarranted.

(3) Furthermore, we are also of the opinion that the facts set forth in the written statement and the testimony of the plaintiff Agnes Poulin, considered in their most favorable aspect, and even if true and so found by the trial court, are insufficient to warrant a finding of negligence.

All that the evidence shows is that while the operator of the truck was making a left turn into Exchange Street his front rope holding a load of lumber "snapped and spilled the lumber over the street and sidewalk," injuring the plaintiff. While there are other definitions of the word "snapped" we assume that it is meant in this case that the rope broke.

There is no evidence of the speed of the truck or of the manner in which it was being operated. There is no evidence of the size of the rope, the material of which it was made, its age, condition, or how it was secured. There is no evidence of the size or weight of the load or the size, number or dimensions of the pieces of lumber. There is also no evidence of the manner in which the lumber was loaded or by whom it was loaded. The law in Massachusetts as stated in the following cases requires some evidence of negligence under the circumstances set forth in this case. In *Mucha v. N. E. Crushed Stone Co.*, 307 Mass. 589, 595, the court said: "It seems to be assumed that the timber that broke belonged to the defendant, but even if it did, there is nothing in the evidence to show its age, quality, appearance or condition before it was used. There is no suggestion

that it had even been used before or contained any defect, and no description of its appearance after it was broken. All that appears is that it broke and split at the place or edge where the jack was holding it" . . . apart from the fact that it broke there was no evidence that the timber was subjected to a heavier strain than it could bear, or that it was of such a character or condition as to be unsafe for the purpose for which it was used." See also, *Golden v. Mannex,* 214 Mass. 502, 504 and *Shipp v. Boston & Maine Railroad,* 283 Mass. 266, 272.

The facts in *Doherty v. Booth,* 200 Mass. 522 concern the breaking of a rope on the staging of a steamship and evidence of negligence was held to be essential to the establishment of liability. At page 526 the court said: "In the discharge of his duty it was for the jury to say, whether by using reasonable care he should have known from inspection, when the sling was used, that it was unsuitable or should have known . . . that the sling had become weakened by chaffing to such an extent as to be unsafe." The same principle is affirmed in *Tierny v. Merchants Steel Lighter Co.,* 214 Mass. 540, 541, where the court said: "The evidence warranted findings that the rope which parted was defective and unsafe for the use for which it was intended; that a proper inspection on the part of the defendant would have disclosed the defect; that such inspection was not made by the defendant; that the plaintiff however, had the right to assume that it had been made and to act accordingly; . . ." The significant factor in the two preceding cases cited is that the court held that in order for the plaintiff to recover for the breaking or parting of the rope, evidence of negligence was required and that the doctrine of *res ipsa loquitur* did not apply.

The pertinent principles governing the case at bar are similar to those in *Cormier v. Bodkin,* 300 Mass. 357, which involved the unexplained breaking of

an angle iron on a trailer and the court held that there was no evidence of negligence since there was nothing to show that the defendant knew or should have known of the defect in the angle iron. At page 359, the court clearly sets forth this principle in the following words: "There was nothing to show any negligent act on his part at the time of the accident. The cases against him in this aspect rest entirely upon the broken angle irons. But there was no evidence that Bodkin caused them to break or should have known that they were dangerous". See also: *Sennett v. Nonantum Coal Co.*, 284 Mass. 390; *Bolin v. Corliss Co.*, 262 Mass. 115; *Davis v. Chrisham*, 213 Mass. 151; *Buckland v. N. Y., N. H. & H. RR.*, 181 Mass. 3. In all of these cases the court held that the unexplained breaking of an article, or a piece of apparatus or equipment did not warrant a finding of negligence and that the doctrine of *res ipsa loquitur* did not apply.

Applying the foregoing principles, it is our opinion that the doctrine of *res ipsa loquitur* is not applicable to the facts in this case and that the evidence is insufficient to warrant a finding of negligence by the trial court.

We therefore rule that the defendant's request, that the evidence is insufficient to warrant a finding that the defendant was negligent, should have been granted and that the denial of said request was prejudicial error on the part of the trial court. Since the granting of the defendant's request for ruling would have required a finding for the defendant, it follows that the entry in this case must be:

"Finding for the plaintiffs vacated. Judgment for the defendant".

Kelleher & Rosdahl, for the plaintiffs.

William J. Conboy, for the defendant.