AGNES M. POULIN & another *vs.* H. A. TOBEY LUMBER CORP.

Middlesex.    February 6, 1958. — March 5, 1958.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Negligence*, Motor vehicle, Load of lumber, Res ipsa loquitur.  *Evidence*,
    Admitted without objection.

Evidence admitted generally at a trial without objection that it was
    hearsay was entitled to full probative force.   [147]
Evidence in an action that as a motor truck of the defendant carrying a
    load of lumber was driven around a corner a rope holding the lumber
    broke, the lumber spilled over a public street and sidewalk, and the
    plaintiff, a pedestrian walking on the sidewalk, was knocked down
    "by the flying lumber" warranted a finding of negligence on the part
    of the defendant toward the plaintiff under the doctrine of res ipsa
    loquitur.   [148]

TORT. Writ in the First District Court of Eastern Middlesex dated April 12, 1956.

The action was heard by *Key*, J.

*Cornelius R. Rosdahl*, for the plaintiffs.

*William J. Conboy*, for the defendant, submitted a brief.

CUTTER, J. This is an action of tort brought in a District Court by Mrs. Poulin for personal injuries to her and by her husband for consequential damages. She was walking on the sidewalk on Exchange Street, Malden, when she was struck by pieces of lumber which fell from a passing truck and injured her. A demand by the plaintiffs under G. L. (Ter. Ed.) c. 231, § 69, as appearing in St. 1946, c. 450, for admission of material facts, established that at the time of the accident the defendant's truck was being operated by an employee of the defendant on the defendant's business. There was admitted in evidence a report of a conversation between a police officer and the operator of the truck in which the operator "said he had made a left turn from Commercial Street into Exchange Street when his front rope holding a load of lumber snapped and spilled the lumber over the street and sidewalk," knocking down a pedestrian "by the flying lumber."

The defendant requested the trial judge to rule that the "evidence is insufficient to warrant a finding that the defendant was negligent." The ruling was refused and the judge found for the plaintiffs. Upon report, the Appellate Division vacated the finding and ordered judgments for the defendant. The decision held that the case was not one which warranted a finding of negligence.

The police officer's report was admitted generally and apparently without objection that it was hearsay. It is entitled to full probative force as a statement of the circumstances (*DuBois* v. *Powdrell*, 271 Mass. 394, 397–398; *Pataskas* v. *Judeikis*, 327 Mass. 258, 260) even if upon objection it might have been excluded as not binding the defendant as an admission. Compare *Parsons* v. *Dwightstate Co.* 301 Mass. 324, 327; *Ferguson* v. *Ashkenazy*, 307 Mass. 197, 203; *Barrett* v. *Wood Realty, Inc.* 334 Mass. 370, 374.

From the evidence the trial judge was warranted in finding that a truck carrying a load of lumber was driven around a corner with sufficient speed to cause a rope holding the lumber to break and the lumber to spill over the street and sidewalk with sufficient force to cause a piece of flying lumber to knock down Mrs. Poulin. From these facts, the trial judge reasonably could infer (a) that the lumber was improperly secured, or (b) that a defective or inadequate rope had been used, or (c) that the truck's speed was such that excessive centrifugal force was created, or (d) a combination of these circumstances. Obviously the truck and its contents were wholly within the control of the defendant and in no way within that of Mrs. Poulin. There was no evidence of contributory negligence:

"The plaintiff was not required to exclude all causes except the defendant's negligence and it was sufficient if upon the . . . evidence there was a greater likelihood that the accident was due to . . . [its] negligence rather than to some other cause." See *DiRoberto* v. *Lagasse*, 336 Mass. 309, 311–312 and cases cited. The disintegration of a load of lumber, while being transported through the street by motor truck, with such violence as to produce the events described in the police report leads to a rational inference that it was due to the negligence of the defendant in one or more of the particulars suggested above. See *Weiss* v. *Republic Pipe & Supply Corp.* 335 Mass. 422, 427–428, and cases there reviewed. It was open to the trial judge on the basis of his general experience to find that the contents of a lumber truck, loaded and secured with the care required prior to taking it through the public streets, do not come apart in such a manner. The plaintiffs might appropriately have attempted to prove in considerably more detail the circumstances attendant upon the accident, such as the loading of the truck, selection of the rope, and speed of the truck. Enough evidence, however, was introduced to show a situation from which negligence could be inferred. *Washburn* v. *R. F. Owens Co.* 252 Mass. 47, 54–55. See *Graham* v. *Badger*, 164 Mass. 42, 47 (failure of splice in rope); *Doherty* v.

*Booth,* 200 Mass. 522, 525–526 (broken rope); *Golden* v. *Mannex,* 214 Mass. 502, 504 (break in cable); *Tierney* v. *Merchants Steam Lighter Co.* 214 Mass. 540, 541 (rope breaking, defects in which could have been discovered by ordinary inspection); *Gangi* v. *Adley Express Co. Inc.* 318 Mass. 762, 764 (truck crashing into house after turning corner); *McKnight* v. *Red Cab Co.* 319 Mass. 64, 65–66 (unexplained opening of taxi door); *Pelland* v. *D'Allesandro,* 321 Mass. 387, 388–389 (unexplained rolling of a parked automobile). This is not like a collision between vehicles upon a public way from which no inference of negligence may be drawn. Compare *Morton* v. *Dobson,* 307 Mass. 394, 398. Compare also *Mucha* v. *Northeastern Crushed Stone Co. Inc.* 307 Mass. 592, 595 (no inference of negligence in selection of a piece of timber to be drawn merely from the fact that it broke causing injury). As we view the record, this is not like *Gilmore* v. *Kilbourn,* 317 Mass. 358, 363 (breaking wires on baled hay), where it was equally open on the evidence to find that accident occurred, during handling, in which the then plaintiff participated, because of circumstances wholly unascertained as from a cause for which the then defendant was responsible. Compare also *Long* v. *Kaplan,* 335 Mass. 94, 95–96.

> *Order of Appellate Division reversed.*
> *Judgments to be entered on the find-*
> *ing of the First District Court of*
> *Eastern Middlesex.*