FITCHBURG GAS AND ELECTRIC LIGHT COMPANY *vs.* SAMUEL
EVANS CONSTRUCTION CO., INC.

Middlesex.    March 2, 1959. — April 2, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Negligence,* Heavy object, Res ipsa loquitur.

Evidence in an action that while an electric transformer weighing about eight tons was being unloaded by means of blocks, tackle, rollers and a winch from the rear of the defendant's tractor-trailer at a site to which it was being moved under the direction and control of the defendant it "suddenly started to fall forward," "fell forward," "rolled" to one side, "slid off onto the street," and was damaged warranted a finding of negligence on the part of the defendant toward the owner of the transformer under the doctrine of res ipsa loquitur.

TORT. Writ in the Superior Court dated April 30, 1953. The action was heard by *Fairhurst,* J., who found for the plaintiff. The defendant alleged exceptions.

*Daniel J. Dempsey,* for the defendant.
*Finley H. Perry,* for the plaintiff.

SPALDING, J. In this action of tort, which was tried to a judge of the Superior Court, there was evidence of the following: A new electric transformer (weighing about eight tons), which the plaintiff had purchased, had arrived on a flat car at a railroad siding in Fitchburg. One Sawyer, an

338 Mass. 752                                                        753

Fitchburg Gas & Electric Light Co. *v.* Samuel Evans Construction Co. Inc.

electrical engineer employed by the plaintiff, made arrangements through one Logan, a consulting engineer, to have the defendant unload the transformer and place it in position at a site in Lunenburg which had been prepared for it. The site was a "cleared level spot . . . surrounded by a steel fence . . . inside of which were concrete foundations for the transformer." Sawyer "took Mr. Williams, a foreman employed by the defendant . . . to the site." He told Williams that because of the proximity of high voltage wires which crossed over the site he did not think a crane could safely be used in unloading the transformer and suggested that "it would have to be rigged." Williams said that he could do the job.[1]

On December 5, 1951, the transformer was unloaded by the defendant from the freight car onto a truck of the defendant which consisted of a tractor and "flat bed trailer." The transformer was then transported to the site in Lunenburg. Upon arrival at the site the trailer was backed to the entrance of the enclosure. Then by means of blocks, tackle, rollers and a winch the transformer was "inched" toward the rear of the trailer. As it approached the rear it "suddenly started to fall forward." It "fell forward under the . . . trailer," "rolled to the left side," "slid off onto the street," and was damaged.

The moving of the transformer was under the supervision of the defendant's foreman, Williams, and no one employed by the plaintiff gave him any advice or instructions.

The judge found for the plaintiff and the case comes here on the defendant's exceptions to the refusal to give certain requests for rulings. In substance these asked the judge to rule that a finding for the plaintiff was not warranted.

There was no error.

We agree, as the defendant argues, that no specific act of negligence on the part of the defendant was shown. And

---

[1] It was conceded that Williams was authorized by the defendant to accept the job of moving the transformer and that "what Williams did, the defendant did."

we agree that the mere happening of an accident ordinarily is not sufficient to warrant a finding of negligence. But an accident may be of a kind that in the ordinary course of things would not have happened in the absence of negligence on the part of the person in control of the agency or instrumentality causing it. We are of opinion that this is such a case and that the judge was warranted in inferring that the defendant was negligent. The moving of the transformer at all times here relevant was under the direction and control of the defendant. See *Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234, 235. The case is governed in principle by *DiRoberto* v. *Lagasse,* 336 Mass. 309, and *Poulin* v. *H. A. Tobey Lumber Corp.* 337 Mass. 146, and cases there collected, rather than by *Bloom* v. *Warshaw,* 332 Mass. 14, and *Wardwell* v. *George H. Taylor Co.* 333 Mass. 302, cited by the defendant.

*Exceptions overruled.*