*Northern District*

A. D. #5643

AGNES E. CLAYTON
v.
J. ALLEN McEACHERN d/b/a ALLEN REFRIGERATION SERVICE AND PHILCO INC.

(Aug. 14, 1962)

*Present:* Eno, J. (Presiding), Connolly & Parker, JJ.

Case tried to *Artesanni, J.* in the Municipal Court of the Brighton District of the City of Boston. No. 131 of 1960.

This opinion has been abridged by the omission of a recital of the evidence.)

Eno, J. This is an action of contract and/or tort arising out of the same action against both the above named defendants in which the plaintiff seeks to recover under four counts. The *first count* is against the defendant Philco Inc. alleging a breach of contract in that Philco Inc. by its agents or employees in consideration of monies paid by the plaintiff attempted to repair a refrigerator owned by the plaintiff on the 18th of December, 1959, which repairs were conducted in a faulty and unworkmanlike manner as a result of which the plaintiff received personal injuries. The *second count* is also against the defendant Philco Inc. alleging that on the 18th of December, 1959, its agents or employees negligently and carelessly attempted to repair the plaintiff's refrigerator and that due to its allegedly negligent repair the plaintiff sustained personal injuries. The *third count* is against the defendant J. Allen McEachern d/b/a Allen Refrigeration Service and it sounds in contract alleging that as a result of faulty and unworkmanlike repairs to the plaintiff's refrigerator performed on December 18, 1959, that the plaintiff sustained personal injuries. The *fourth count* is also against the defendant J. Allen Mc-

Eachern d/b/a Allen Refrigeration Service alleging that as a result of negligently attempted repairs on the plaintiff's refrigerator on December 18, 1959, by the defendant that the plaintiff sustained personal injuries.

The defendant Philco Inc. filed an answer consisting of a general denial, contributory negligence on the part of the plaintiff, a violation of law on the part of the plaintiff which contributed to her injuries, the Statute of Limitations, assumption of the risk, and finally that notice to the defendant as required by the general laws was not given by the plaintiff. The defendant J. Allen McEachern d/b/a Allen Refrigeration Service answered alleging a general denial, contributory negligence on the part of the plaintiff, and that the cause of action did not accrue within two years of the filing of the plaintiff's writ.

The plaintiff seasonably made the following requests for rulings all of which were denied by the trial judge:

9. That the repairs to the refrigerator of the Plaintiff were negligently performed.

10. That the repair to the refrigerator of the Plaintiff was done in an unworkmanlike manner.

11. That the Plaintiff is entitled to rely upon the doctrine of the Res Ipsa Loquitur to establish the negligence of the Defendants in the repair of her refrigerator.

12. That this Court may find negligence based on the absence of an explanation of the injuries the Plaintiff received by the Defendants.

13. That the Plaintiff is not required to show the exact cause of her injuries or to exclude all possibility that they resulted without fault on the part of the Defendants.

14. That the Plaintiff is entitled to judgment if it is found that her injuries were sustained because it was more likely due to the negligence of the Defendants than to some other cause.

15. That the Plaintiff's refrigerator from the time of the arrival of the Defendant's repair man until the time of the injuries to the Plaintiff, was within the sole control and responsibility of the Defendants.

16. That as the result of the negligent repair of the Plaintiff's refrigerator she received an electric shock which resulted in personal injuries to the Plaintiff.

The Court [justifiably] found the following facts and made the following findings:

This is an action in which the Plaintiff seeks to recover for injuries received by her as a result of a fall which she alleges was caused by an electric shock she received from her refrigerator.

There was testimony by the Plaintiff that on or about December 18, 1959, her refrigerator was not working too well and that she looked in the telephone book and saw a name "Philco Refrigeration Service", and she called, and in answer to the call a man came and worked on the refrigerator. It was conceded that the work was done at the direction of the other defendant, J. Allen McEachern, d/b/a.

The plaintiff further testified that the man worked on the refrigerator, that he took a pan off

the bottom; that he opened the freezer part and took an instrument off from it and broke it and that he went outside for a new one and made the replacement. The plaintiff further testified that after the man had left she came into the kitchen and noticed that the refrigerator was soiled and that she took a pan of water with Soilax in it and proceeded to clean the refrigerator. She testified that as she touched the machine, a shock went up her arms and that is all she remembers. As a result of the shock she was thrown against the stove which was a short distance away and received injuries.

She further testified that later she called another repair man who came and worked on the machine and this repair man testified that he visited the Plaintiff's apartment and the refrigerator was not working, and said that on examination he found a relay lying on the back side and that he righted it and that the machine worked. At the conclusion of the testimony by the man and on behalf of the Plaintiff, the Defendants rested.

The Court finds no evidence of negligent workmanship on the part of the defendants and no evidence on which the Court could base a finding, that the shock received by the Plaintiff was caused by nothing that the defendants might have done when their agent worked on the refrigerator. The reason for the shock was too open to conjecture for the Court to determine that the negligence of the agent or the defendants caused it. The Court therefore finds for the defendants.

The report does not include a statement

that it contains all the evidence material to the issue raised.

There was prejudicial error in the denial of the plaintiff's requests for rulings numbered 11, 12 and 14, and in the Court's findings that there was:

"no evidence of negligent workmanship on the part of the defendants and no evidence on which the Court could base a finding, that the shock received by the Plaintiff was caused by nothing that the defendants might have done when their agent worked on the refrigerator. The reason for the shock was too open to conjecture for the Court to determine that the negligence of the agent or the defendants caused it".

We are of the opinion that the defendant's agent having done some work on the refrigerator and immediately after he had finished and left his work, the plaintiff sustained an electric shock when she attempted to clean the door of the refrigerator, the plaintiff had made a prima facie case against the defendants, especially since they offered no evidence in explanation as to the cause of the electric shock.

There is also some evidence which was apparently overlooked by the trial judge, which, if believed, would be sufficient to prove negligence. This would tend to show that the defendant's agent "had installed a new relay"; and that when examined by an employee of Appliance Engineering Corporation three days later he found that "the

refrigerator was running but there was no refrigeration" and that he "found relay on its back on top of condenser so (he) uprighted and put it in place".

Even without this important evidence a finding for the plaintiff would have been permissible.

It is true that without that evidence no specific act of negligence on the part of the defendant's negligence was shown and that the mere happening of an accident ordinarily is not sufficient to warrant a finding of negligence, but, as was said in *Fitchburg Gas & Electric Light Co. v. Samual Evans Const. Co., Inc.*, 338 Mass. 752, at 754,

> " an accident may be of a kind that in the ordinary course of things would not have happened in the absence of negligence on the part of the person in control of the agency or instrumentality causing it."

We are of the opinion that this is such a case, and we so held recently in a similar case involving a television set in *Stevenson v. Nobo Television Co. Inc.*, 13 Legalite 20.

The finding for the defendants is to be vacated and the case remanded for a new trial.

Schlicte & Horgan, of Gloucester, for the Plaintiff.
James F. Dineen, of Boston, for the Defendant.