**ELY BROTHERS CONSTRUCTION CORP., Plaintiff**
**vs.**
**Thomas WOLOSCHUK, Defendant**

No. 306

District Court Department
Appellate Division, Western District
Trial Court of the
Commonwealth of Massachusetts

**July 7, 1981**

**Robert M. Rosen,** counsel for plaintiff
**Steven W. Leary,** counsel for defendant

### DECISION AND ORDER

This cause came on to and was heard in the Appellate Division for the Western District sitting at Springfield in the county of Hampden upon Report Petition Motion from the Springfield Division and argued by counsel for both parties.

It is hereby

652

ORDERED: That the Clerk of the Springfield Division make the following entry in said case on the docket of said Court, namely:

No prejudicial error having been found, judgment affirmed, Report Dismissed.

Opinion filed herewith.

Date: July 7, 1981

**Bernard Lenhoff, Justice**
**William T. Walsh, Justice**
**Frances J. Larkin, Justice**

A true copy, Attest

**Robert E. Fein**
**Clerk, Appellate Division**

## OPINION

**LARKIN, J.** This is an action of tort for negligence in which the plaintiff seeks to recover for damages to a bulldozer owned by the plaintiff and which bulldozer was being transported on a truck owned by the defendant when the damage was sustained.

The record shows that on May 31, 1977 the defendant was operating a tractor-trailer combination vehicle which he owned, in a northerly direction on Pasco Road in Springfield, Massachusetts. The bulldozer, which weighed approximately twelve thousand (12,000) pounds, was secured by the defendant to the trailer by four (4) chains made up of links 1 1/2'' in diameter and 3/8'' in thickness. The chains were attached to the four (4) corners of the bulldozer and secured to the trailer. The age of the defendant's chains was unknown.

As the defendant approached the intersection of Pasco Road and Page Boulevard, the traffic light was green for him. The defendant intended to make a left turn from Pasco Road onto Page Boulevard. The defendant entered the intersection at approximately ten (10) miles per hour and when he was approximately one quarter of the way through the intersection, a vehicle traveling in an easterly direction on Page Boulevard failed to stop for a red light.

(This vehicle did not stop and the identity of the driver or the vehicle was never established). The defendant, in order to avoid a collision with this vehicle, turned his vehicle abruptly to the right and applied his brakes. During this maneuver the chain which secured the left rear corner of the bulldozer broke and the bulldozer fell from the defendant's vehicle to the roadway and was damaged.

The predominant issue at trial, as here, centers on the question of whether the defendant should bear any culpability for the damage to the plaintiff's bulldozer in view of the circumstances recounted above.

Following a trial, the district court made special findings of fact and rulings of law, and rendered judgment in favor of the plaintiff. After the court's judgment in favor of the plaintiff, the defendant filed a motion for a new trial. Following a hearing on the defendant's motion, the trial judge denied same. Defendant appeals here the denial of his motion for a new trial.

At the outset we note that the decision of a trial judge in ruling on a party's motion for a new trial under Mass. R. Civ. P. 59 and District/Municipal Court Rule 59 is manifestly one of discretion. **Hill v. Bookbinder,** 348 N.E. 2d 447, 1976 Mass. App. Adv. Sh. 666. And the determination of the trial court in denying a motion for new trial will not be disturbed on appeal unless it clearly abused its discretion. **Reni v. Courtney**, 344 N.E. 2d 609, 1976 Mass. App. Adv. Sh. 457.

Defendant centers his argument that the trial judge committed error on two "special findings." These were rulings which the court found that:

The transportation of the bulldozer on a public way required that it be secured in such a manner that it remain intact through sudden stops or changes in direction at such a slow speed as ten (10) miles per hour (citing

Poulin v. H. A. Tobey Lumber Corp., 337 Mass. 146 (1958), and a further ruling that the breaking of the chain at such a slow speed is that kind of accident which in the ordinary course of things would not have happened in the absence of negligence in either the selection of the chain or the act of chaining it down. (Citing **Fitchburg Gas and Electric Light Company v. Samuel Evans Construction Co., Inc.,** 338 Mass. 752 (1959).

In essence the defendant challenged the "legal sufficiency" of these findings in its motion for a new trial. He argued that the court in making these rulings was required to be guided by "expert testimony" with respect to specific acts of negligence concerning the type of chain used by the defendant, or the manner in which the defendant employed the chain in securing the bulldozer to the trailer. He urges that the lack of such "expert testimony" vitiates the ultimate judgment in favor of the plaintiff.

The defendant further contends that this was not the class of case where the circumstances surrounding the damage to the plaintiff's property warrant an inference of negligence on the part of the defendant, based on the "general experience" of the fact finder. And therefore, again, because the plaintiff had no expert testify as to specific negligent acts of the defendant, the court was required, in effect, to find for the defendant.

We do not believe that the defendant's argument is well taken in light of a number of relevant decisions by the Massachusetts Supreme Judicial Court. See, e.g., **Poulin v. H. A. Tobey Lumber Corp.,** 337 Mass. 146 (1958); **Fitchburg Gas and Electric Light Company v. Samuel Evans Construction Co., Inc.,** 338 Mass. 752 (1959); **Rice v. DeAvilla,** 38 Mass. 784 (1959); **Cushing v. G. W. & Smith Iron Company,** 194 Mass. 310 (1907).

In the **Poulin** case, the defendant's truck was carrying a load of lumber secured by a rope. As the truck made a left turn onto another street, the rope broke and lumber fell out, some of which struck the plaintiff, a pedestrian, injuring her. The Court held that the trial judge was warranted on the basis of his general experience to find that the contents of a truck loaded with lumber and secured with the care required prior to taking it through the streets, does not come apart in the manner it did without giving rise to a rational inference that the defendant, among other things, either improperly secured the lumber, or that the rope was defective or inadequate. The plaintiff did not need expert testimony.

In **Cushing,** the plaintiff's intestate was lifting a heavy iron column and was injured when the chain supporting the column broke. The chain broke without warning. The weight of the column being lifted when the chain broke was easily within the range of weight which the chain was designed to lift. The Supreme Judicial Court held that the chain was defective and that the defendant could be held liable for the plaintiff's injuries.

The rule of the **Fitchburg Gas** case is similar. **Fitchburg Gas and Electric Light Company v. Samuel Evans Construction Co., Inc.,** 338 Mass. 752 (1959). In that case, a transformer was unloaded from a railroad freight car onto the defendant's flatbed trailer truck. The defendant transported the transformer to the construction site. By means of blocks, tackle, rollers and a winch the transformer was "inched" toward the rear of the trailer and as it approached the rear, the transformer "suddenly started to fall forward" and then rolled off onto the street, and was damaged. **Fitchburg** at 753. The defendant supervised the moving of the transformer.

The Court stated that although the mere happening of an accident is not ordinarily sufficient to warrant a finding

of negligence, "an accident may be of a kind that in the ordinary course of things would not have happened in the absence of negligence on the part of the person in control of the agency or instrumentality causing it" **Id.** at 754. The Court held that the **Fitchburg Gas** case was such a case and that the judge was warranted in inferring that the defendant was negligent. **Id.** at 754.

We believe that the principles enunciated in **Poulin, Fitchburg Gas** and **Cushing** are equally applicable in the instant case. The moving of the bulldozer was at all relevant times under the direction and control of the defendant. The chains with which he secured the 12,000-pound bulldozer to his trailer broke when the defendant turned his vehicle to the right in order to avoid a collision with another vehicle, even though the defendant was travelling at only ten (10) miles per hour at the time.

The unidentified vehicle never struck the defendant's tractor-trailer. Neither legally nor conceptually, in a strict sense, may it be said that the unidentified vehicle was the "proximate cause" of the breaking of the chains securing the bulldozer to the trailer. Rather this vehicle merely established the setting or "occasion" for the chain's failure. The chains broke because they were either defective or improperly secured to a vehicle, which was caused to make a sudden change in direction at such a slow speed as ten (10) miles per hour.

Just as in **Poulin,** where the rope securing the lumber would not have broken in the absence of the defendant's negligence, the trial judge in the instant case was clearly warranted in finding that the breaking of the chains was sufficient to raise the necessary inference that the chain was either defective or negligently secured to the trailer. We do not believe that the court needed expert testimony in order to make this determination.

At bottom, we conclude that the trial judge did not abuse his discretion in denying the defendant's motion for a new trial based on arguments which fly in the face of the rules of law set out in the **Poulin, Fitchburg Gas,** and **Cushing** cases. For these reasons we conclude there was no error and, thus, the report should be dismissed and the judgment below affirmed.

<div align="right">

**Bernard Lenhoff, Justice**
**William T. Walsh, Justice**
**Frank Larkin, Justice**