Dohoney, J.
The plaintiffs sued the defendant to recover damages for alleged negligence in ski instruction. The Trial Justice found for the minor plaintiff, Kelly Gibbons, in the amount of$3,500andforthe plaintiff, Susan Gibbons, in the amount of $946.
The Report of the Trial Justice indicates that the minor plaintiff had no previous ski experience and was enrolled in a learning to ski program at her New York State elementary school. The program took place once a week at the defendant's ski area and under the direction of the defendant's instructors. Prior to each ski lesson, the plaintiff rented skis from the defendant and then proceeded to her lesson with the other students.
During the first two lessons, the defendant instructed the students, including the minor plaintiff, on basic skiing technique on the beginner slope. By the third lesson on January 16, 1984, the plaintiff had progressed in her skiing ability at a rate consistent with others in her group. Dming the third lesson, the defendant reviewed previous instructions, including techniques of turning and stopping, such that all members of the group were able to turn and stop on the beginner's slope. The defendant then took the students, including the plaintiff, to the top of the trail known as the “180”. This trail was designated as the easiest and was utilized by ski instructors for beginning skiers.
As the minor plaintiff started down the trail with her class she soon found herself unable to stop. She then struck a fence located at the bottom of the slope, adjacent to the entrance to the chair-lift. As a result of the collision with the fence, the plaintiff sustained an injury to her right knee.
The plaintiff's theory of negligence is set forth in her complaint that (1) the defendant “carelessly and negligently issued... improper skis and ski equipment,” (2) “carelessly, negligently and improperly instructed, trained and supervised” the plaintiff, and (3). “carelessly and negligently took the plaintiff... onto the trails... with the improper skis and ski equipment.”
The plaintiff did not provide expert testimony at the trial as to the appropriate type of ski equipment or ski instruction necessary for a person of the plaintiff's ability.
At the close of the trial the defendant filed Requests for Rulings of Law and the Trial Justice took the following action:
3. There is insufficient evidence, as a matter of law, to warrant a finding that the Defendant was negligent as alleged in the Plaintiff's complaint. (Denied)
*190 9. Mass. G.L., c. 143,: 71L defines a ‘skier’ as ‘any person utilizing the ski area under control of a ski operator for the purpose of skiing...’ (Denied, Court does notfind that Plaintiff Kelly Gibbons had attained the status of skier.)
10. The evidence is sufficient to warrant a finding that the Plaintiff, Kelly Gibbons, was a skier (for the purposes of applying the provisions of Mass. G.L., c. 143) at the time of the accident referred to in the complaint. (Denied)
11. Mass. G.L., c. 143,: 710 describes the duties of skiers. Pursuant to that statutory provision, a skier ‘shall maintain control of his speed and course at all times, and shall stay clear of any snow-grooming equipment, any vehicle, towers, poles or other equipment.’ The statute further states that ‘... A skier skiing downhill shall have the duty to avoid any collision with any other skier, person or object on the hill below him and, except as otherwise provided in this chapter, .. .the responsibilityforthecollision with any obstruction,man-made or otherwise, shall be solely that of the skier and not that of the operator provided that such obstruction is properly marked pursuant to the regulation promulgated by the board . . .’ (Allowed, but not applicable. See number 9 above.)
The issues thus presented.are whether (1) there is evidence of the defendant's nenlicence in theTrial Justice's Reoort. and (2) if so. whether the minor Dlaintiffwas a “skier” as defined under Mass. Gen. Laws, c. 143, § 71L such that her duties and assumptions of risk under Mass. Gen. Laws, c. 143, § 710 limit the defendant's liability.
In reviewing the sufficiency of the negligence claim, this court is confined to the evidence presented to it in the Trial Justice's Report. See Schraeder v. Assembled Homes, Inc., 28 Mass. App. Dec. 195 (1964), (Appellate Division is bound by the contents of the report and may not consider evidence not set forth or summarized therein.)
Here, the report fails to establish evidence of the defendant's negligence. The defendant instructed the minor plaintiff on fundamental skiing techniques during each ski class and never allowed her to ski on any slope other than those used for beginners. There is no evidence that the defendant was negligent in its instruction to the plaintiff, in its decision to have her ski on the beginner slopes with the other students, or in its upkeep of the ski area. While the minor plaintiff claims that the skis she rented from the defendant on the day of her injury were longer than the skis issued to her during the first two lessons, there is nothing in the report indicating negligent conduct by the defendant in this regard. If there had been expert testimony indicating that the skis were too long or that the slope of the trail was too steep for a person of the plaintiffs size and éxperience, then a finding of negligence may have been appropriate. However, without such evidence the plaintiff cannot prevail. The established rule in negligence cases is that negligence cannot be inferred from the mere happening of an accident, nor can it be left to surmise, conjecture or imagination. Rogers v. Dalton, 298 Mass. 146 (1937).
Further, it is well established that,
“the mere happening of an accident ordinarily is not sufficient to warrant a finding of negligence. But an accident may be of a kind that in the ordinary course of things would not have happend in the absence of negligence on the part of the agency or instrumentality causing it”. See, Fitchburg Gas and Electric Company v. Samuel Evans Construction Co., Inc., 338 Mass. 752, 754 (1959).
*191 In some instances the general experience of the fact finder may be such to permit an inference of negligence. See, Poulin v. H.A. Tobey Lumber Corp., 337 Mass. 146 (1958); Ely Bros. Construction Corp. v. Woloshchuk, 1981 Mass. App. Div. 140. However, this is not that type of case. The proper length of the skis, the nature of ski instruction, and the selection of appropriate ski trails are not matters of general knowledge and require expert testimony.
The lack of evidence as to the defendant's negligence requires this court to find that the defendant is not liable for the minor plaintiff's injuries. In the absence of liability on the negligence claim, it is not necessary to decide the issue of whether the minor plaintiff was a “skier” under Mass. Gen. Laws, c. 143, § 710. However, it would be very difficult to believe that one who entrusts their skiing ability to a ski area for compensation is “presumed to know the limits of their ability” and is prevented from recovering if the ski area misconstrues the skier's ability.
Our Supreme Judicial Court has dealt with the very protective language of General Laws, Chapter 143, Section 71N and in one instance has failed to provide relief to a ski area as to the short statute of limitations for death actions. See, Grass v. Catamount Development Corp., 390 Mass. 551 (1983). In another instance, a sharply divided Court in Atkins v. Jiminy Peak, Inc., 401 Mass. 81 (1987), held that the rental of ski equipment was within the ski statute and governed by the short statute. In our case it is difficult to believe that the Legislature intended to protect the ski area from liability because the ski area assumed the responsibility for instruction and presumably received compensation for such instruction.
However, because of the plaintiff s failure to establish negligence, the trial court's decision is vacated and judgment is to be entered for the defendant.