GEORGE M. BRYNE *vs.* THE GREAT ATLANTIC AND
PACIFIC TEA COMPANY.

Middlesex.    November 13, 1929. — November 15, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Res ipsa loquitur, Motor vehicle, In use of way.

The unexplained collision on a public way between eight and ten o'clock
of a morning in September of a motor truck with the rear of a machine
known as a Keystone excavator stationed close to the curbstone where
there was no excavation and the way was not closed to traffic, where
it appeared that back of the machine at different points there were
wooden horses of the usual type painted with black and white stripes,
was *held* to be some evidence, at the trial of an action of tort by the
owner of the excavator against the owner of the truck, of negligence
on the part of the driver of the truck; and, it appearing that the driver
of the truck was an employee of its owner acting within the scope of his
employment, a finding for the plaintiff was *held* to be warranted al-
though there was no other evidence of negligence.

TORT. Writ in the Fourth District Court of Eastern
Middlesex dated February 16, 1928.

Material evidence at the hearing in the District Court is
described in the opinion. At the close of the plaintiff's evi-
dence, the defendant rested. The judge found for the
plaintiff in the sum of $477.67 and reported the action to
the Appellate Division for the Northern District. The
report was ordered dismissed. The defendant appealed.

*J. R. Fuller,* for the defendant.

*T. J. Maher,* for the plaintiff.

RUGG, C.J. This is an action of tort to recover com-
pensation for damage to property alleged to have been
caused by the defendant's negligence.

There was evidence tending to show that, pursuant to
a contract with the Commonwealth to lay water pipes,
the plaintiff had stationed a machine known as a Key-
stone excavator on a public way close to a curbstone and
on a part of the street where there had been no excavation;

that the street was not closed to vehicular traffic but that back of the machine at different points there were wooden horses of the usual type painted with black and white stripes; that an employee of the plaintiff, while making some minor repairs on the front part of the excavator between eight and ten o'clock in the forenoon of a September day, heard a crash, and going to the rear saw that the front part and roof of the defendant's truck were in contact with the roof and side of the excavator, and that the driver of the truck then backed it away. It was undisputed that the truck belonged to the defendant and was driven by one of its employees acting within the scope of his employment, and that it was in collision with the excavator of the plaintiff. There was a finding in favor of the plaintiff. This finding must stand if there was any evidence to support it. *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143.

No discussion is required to demonstrate that the unexplained collision of a motor truck in the circumstances here disclosed with an object of the size and nature of an excavator stationary on the highway is some evidence of negligence on the part of the driver of the truck. Although the doctrine of *res ipsa loquitur* does not apply to collisions between moving vehicles on a highway, *Reardon* v. *Boston Elevated Railway*, 247 Mass. 124, it is plain that that principle does apply under the circumstances here disclosed. In the ordinary experience of mankind a moving vehicle does not without negligence of those responsible for it come into collision with a stationary object of the size of an excavator. *St. Louis* v. *Bay State Street Railway*, 216 Mass. 255. *Callahan* v. *Boston Elevated Railway*, 205 Mass. 422. *Riley* v. *Boston Elevated Railway*, 265 Mass. 176, and cases there collected. *Washburn* v. *R. F. Owens Co.* 252 Mass. 47; *S.C.* 258 Mass. 446.

*Order dismissing report affirmed.*