JOHN I. BYRON *vs.* JAMES B. BROWN.

JANUARY 20, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an action of trespass on the case for negligence to recover damages for personal injuries sustained by plaintiff in an automobile accident in South Attleboro, Commonwealth of Massachusetts. The case was tried in the Superior Court, resulted in a verdict for plaintiff for $13,000, and is now before us on defendant's exceptions as follows: to the refusal to grant his motions for a directed verdict and for a new trial, and on the ground that the damages awarded are excessive.

The defendant did not testify and presented no witnesses to the accident. The plaintiff testified that on the afternoon of January 10, 1930, as he was driving along the Boston Post Road between Pawtucket and South Attleboro during a storm of rain and sleet, the windshield of his automobile became obscured with sleet; that, having parked his automobile off the highway so that the left front and left rear wheels were on the shoulder of the road two feet from the edge of the concrete, and after wiping the right-hand section of the windshield he mounted the left running board and rested one foot on the left front fender in order to wipe the left section of the windshield; that while he was in this position an automobile owned and operated by defendant collided with plaintiff's automobile, damaging the left rear fender, hub cap and front fender thereof, at the same time striking plaintiff and carrying him along for twenty feet on its radiator before he fell off into the road. Defendant's automobile went thirty feet farther before it stopped. Plaintiff was unable to stand but dragged himself back to his car from which defendant took him first to a nearby house and then towards Pawtucket to meet the police ambulance which carried plaintiff to the office of Dr. Towle.

Plaintiff's testimony and a stipulation of record that "the defendant named in this writ is the person who was the owner and operator of the automobile at the time of

collision," constitute all the evidence relating to the accident.

Under the Massachusetts law as construed by the Supreme Court of that state (and applied to the instant case because the accident occurred in Massachusetts) the evidence adduced placed upon the defendant the duty of showing that the accident did not result from lack of due care on his part. *Hendler* v. *Coffey*, 179 N. E. (Mass.) 801; *Vincent* v. *Norton & Taunton St. Ry. Co.*, 180 Mass. 104; *Bryne* v. *The Great Atlantic & Pacific Tea Co.*, 269 Mass. 130. As the defendant did not see fit to contradict such evidence and did not prove due care on his part he was not entitled to a directed verdict and his motion therefor was properly denied. The exception to said denial is overruled.

The charge of the trial court, to which no exception was taken, correctly stated the law of the case as construed in the Massachusetts decisions and the verdict, based upon uncontradicted evidence, was approved by the trial justice. We find no error in his decision denying defendant's motion for a new trial and the exception based upon this ground is overruled.

As to the exception to the amount of the damages awarded, the medical testimony regarding the permanence of plaintiff's injuries was most indefinite and did not justify the amount of the verdict awarded. In view of this testimony we are of the opinion that the sum of $13,000 is excessive and that the sum of $9,000 would be a reasonable award. The exception based upon the ground of excessive damages is sustained.

The case is remitted to the Superior Court for a new trial unless on or before the thirty-first day of January, 1933, the plaintiff shall file in said court a remittitur of all said verdict in excess of $9,000. In case the plaintiff shall file such remittitur, the Superior Court is directed to enter judgment on the verdict as reduced by the remittitur.

*Ralph M. Greenlaw, Edwin J. Tetlow*, for plaintiff.

*Clifford A. Kingsley, Francis V. Reynolds*, for defendant.