VINCENZO GANGI & others *vs.* THE ADLEY EXPRESS COMPANY, INCORPORATED.

Middlesex.     November 7, 1945. — December 3, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Negligence*, Motor vehicle.

Evidence of the circumstances in which a motor truck and trailer ran down a street on a steep hill, turned into a street to its right and then turned to its left at the intersection of a third street, passed over lots adjoining the third street, broke down a wire fence, damaged a stone boundary wall, and ran into and extensively damaged a house, warranted a finding that the speed of the truck was excessive, or that its brakes were defective, or that its operator was inattentive; and, in an action by owners of the properties damaged against the owner of the truck, verdicts for the plaintiffs were warranted, although no eyewitness to the accident testified.

TORT. Writ in the First District Court of Eastern Middlesex dated December 2, 1943.

On removal to the Superior Court the case was tried before *Goldberg, J.*

*H. S. Avery*, for the defendant.

*H. Kisloff*, (*K. L. Arbetter* with him,) for the plaintiffs.

SPALDING, J. The question for decision in this case is whether there was sufficient evidence of the negligence of the defendant to warrant its submission to a jury. The case comes to us on the defendant's exception to the denial of a motion for a directed verdict.

The following is a summary of the pertinent evidence. On August 19, 1943, a truck and trailer owned by the defendant and operated by Lambert, its employee, [1] crashed into a house owned by the plaintiffs Vincenzo and Santa Gangi on Willis Avenue, Medford. Prior to striking the Gangis' house, the truck went across the front walk and lawn of the plaintiffs Ida and Nicola Cimetti who lived next door. Willis Avenue is in a thickly settled district made up of "single, two-family and three-family houses." The truck had come from Edward Street. In order to get into Willis Avenue from Edward Street it was necessary to make a right turn (east) into Hicks Avenue where Edward Street ends, to proceed for about forty feet on Hicks Avenue, and to make a left turn (north) into Willis Avenue. The Cimettis' house was on the northeast corner of Willis Avenue and Hicks Avenue and the Gangis' house was approximately forty feet to the north on the same side of the street. From Edward Street to the Cimettis' house it was down grade. The grade on Edward Street varied from thirteen per cent to sixteen and five tenths per cent. An engineer called by the plaintiffs testified that "a fifteen per cent down grade was as steep as the steepest hill in Boston such as Corey Hill."

The truck as it passed over the Cimettis' property knocked down a wire fence supported by iron posts set in a cement foundation, and passed over and damaged a stone boundary wall two feet high and eight inches thick. As the truck struck the Gangis' house there was "a terrible big noise, it was just like an earthquake," and dishes and pictures began to fall. The damage to the Gangis' house was, as the defendant concedes, substantial. The front wheels ,of

---

[1] Lambert was named as a defendant but the plaintiffs discontinued as to him.

the truck "were inside the cellar," and several of the foundation blocks "came right out of the foundation . . . up to the furnace." The floor in the dining room was lifted up and "timbers had been pushed so that the side of the house was bulging out."

From answers to interrogatories to Lambert, the driver (put in evidence by the plaintiffs), it appeared that he first applied his brakes when he was about sixty to sixty-five feet from the point of the accident. The distance from the place where the truck left the road to where it finally came to rest was in the vicinity of sixty feet. The roadway on Willis Avenue was of "black-top macadam" and on the day of the accident it was "perfectly dry." The defendant admitted that at the time of the accident Lambert was operating the truck on its business. None of the witnesses produced by the plaintiffs saw the accident. The defendant offered no evidence to explain how the accident happened.

In support of its contention that the case should not have been submitted to the jury the defendant relies on decisions holding that the mere happening of a collision between two motor vehicles (even if a rear-end collision) is not proof of negligence. See *Reardon* v. *Boston Elevated Railway,* 247 Mass. 124, 126; *Hendler* v. *Coffey,* 278 Mass. 339, 340; *Zarrillo* v. *Stone,* 317 Mass. 510, 512. But we do not think those decisions govern the case before us. On the basis of common experience it is not unreasonable to infer that a truck would not leave the road and collide with a house in the circumstances here disclosed without negligence on the part of those responsible for it. *Washburn* v. *R. F. Owens Co.* 252 Mass. 47, 54. *Bryne* v. *Great Atlantic· & Pacific Tea Co.* 269 Mass. 130. Such an inference would rest on something more than conjecture. It might be inferred, in view of the force of the impact and the distance travelled by the truck after the brakes were applied, that the speed was excessive; or that the brakes were defective; or that the driver was inattentive. See *Lech* v. *Escobar, ante,* 711.

The judge rightly denied the defendant's motion for a directed verdict.    *Exceptions overruled.*