MARGARET MEEHAN *vs.* KNIGHTS OF COLUMBUS ALHAMBRA COUNCIL NO. 88. February 27, 1946. Exceptions overruled. The plaintiff was a member of a club which on the afternoon of January 25, 1939, met for a bridge party in a hall which it had hired of the defendant. The defendant furnished tables and chairs for the use of the club members. Toward the end of the afternoon the plaintiff attempted to sit down in a chair (which had just before been occupied by a woman weighing between two hundred thirty-five and two hundred forty pounds), and "the next thing she knew she was flat on the floor. . . .

---

[1] A similar rescript was issued dated February 8, 1946, relating to a petition for a writ of certiorari by Seymour E. Allen against John J. Lyons, register of probate.

The chair was flat under her. Her back and her head and everything struck the floor" and her "feet went up in the air." While she was on her back she put her hand back to help herself and she could feel that "the chair was loose," but she did not see what it was; she noticed that her hand "was all dirt and rusted, 'something rusty on . . . [her] hand when . . . [she] tried to, reach . . . [her] back.'" The chair on which the plaintiff sat was of metal and was of the folding type. At the close of the evidence the judge directed a verdict for the defendant subject to the exception of the plaintiff. The ruling was right. The evidence fails to show any negligence on the part of the defendant. There is no evidence that the chair broke. The plaintiff's testimony that there was something loose when she felt of the chair would not warrant such a finding. The fact that the plaintiff noticed rust on her hand after she had reached in back of her would not indicate that the chair was defective. See *Callaghan* v. *R. H. White Co.* 303 Mass. 413, 416. There is here nothing more than the mere happening of an accident under circumstances which would not give rise to an inference of negligence on the part of the defendant. See *Gangi* v. *Adley Express Co. Inc.* 318 Mass. 762. We find nothing in *Callahan* v. *New England Telephone & Telegraph Co.* 216 Mass. 334, *Keenan* v. *E. M. Loew's, Inc.* 302 Mass. 309, *Bell* v. *Dorchester Theatre Co.* 314 Mass. 536, and *Matthews* v. *L & L Enterprises, Inc.* 314 Mass. 538, cited by the plaintiff, at variance with the conclusion here reached.

*C. W. Proctor*, for the plaintiff.

*S. B. Milton*, for the defendant.