*Municipal Court of the City of Boston*

No. 394275

**WARREN SMITH**

v.

**PASQUALE BELLOFATTO**

(January 13 — January 27, 1956)

*Adlow, C. J.*   Action of tort to recover for property damage to an automobile. The car in question was parked at the curb on the easterly side of Cumberland Street in Boston on August 15, 1954 at about 8:00 p.m. A few minutes after the plaintiff had left it the Boston Police Department in response to a notification that there had been an accident on Cumberland Street, dispatched a cruising car there. The police arrived there at about the same time that the plaintiff returned to his car, and they found the plaintiff's car damaged by reason of extensive scrapes on the left-hand side. They also found a car registered to the defendant headed away from the plaintiff's car and about forty feet from it. This car was abandoned in the middle of the road and had extensive damage to the front and the left side. It was agreed that the damage to the plaintiff's car amounted to $186.00. The court (*Roberts, J.*) refused to rule as requested by the defendant that the evidence did not warrant a finding for the plaintiff, and being aggrieved by the court's ruling the defendant brings this report.

A general finding imports a finding of all the subsidiary facts necessary to support it. *Moss v. Old Colony Trust Co.*, 246 Mass. 139, 143. In the cause in issue in order to find for the plaintiff it was necessary that the court find that:

(1) The car which caused the damage to the car of the plaintiff was the car registered in the name of the defendant;

(2) The defendant's car was being negligently operated when it collided with the plaintiff's car.

It is apparent from the record that there is ample evidence to warrant the finding of these facts by the court. While there was no testimony of eye witnesses to the accident, there was ample evidence with respect to the circumstances attending the event to support the inference that the damage to the plaintiff's car was caused by the defendant's car. In the few minutes that elapsed between the time that the plaintiff parked his car in good condition and the time that he returned to find it damaged, a car registered to the defendant was brought onto Cumberland St. and abandoned within forty feet of the plaintiff's car, and the defendant's car was damaged on the left hand side. All these facts combined to render highly probable the deduction that the plaintiff's damage was caused by the defendant's car.

The defendant offered evidence to the effect that his car had been stolen from the place where he had parked it and that it was not being operated at the time by anyone for whose conduct he was responsible. If the court believed this evidence the defendant would not have been liable. *Slater v. T. C. Baker Co.*, 261 Mass. 424; *Sullivan v. Griffin*, 318 Mass. 359, but the court was not required to believe the defendant or his witnesses. Apparently it did not. It results that the *prima facie* case resulting from the mere fact of registration of the car in the name of the defendant sufficed to support a finding that the car was being operated by a person for whose conduct

the defendant was responsible. G. L. (Ter. Ed.), c. 231, §85A.

The same considerations which support the inference that the defendant's car caused the damage likewise supports the inference that the plaintiff's car was parked at the curb when it was struck. Under the circumstances proof of negligent operation by the driver of the defendant's car is excused. *Byrne v. The Great Atlantic and Pacific Tea Company*, 269 Mass. 130, 131.

*Report dismissed.*

Walter Jay Skinner, for the plaintiff.

George Belli, Jr., for the defendant.