Noon *v.* Beford.

VERONICA V. NOON, executrix, *vs.* LEONARD F. BEFORD, administrator.

Middlesex.     April 6, 1965. — July 13, 1965.

Present: WILKINS, C.J., WHITTEMORE, KIRK, SPIEGEL, & REARDON, JJ.

*Limitations, Statute of. Death. Executor and Administrator,* Action for death. *Negligence,* Motor vehicle, Causing death.

An action of tort under G. L. c. 229, § 2, as appearing in St. 1958, c. 238, § 1, by the executor or administrator of a decedent to recover damages for his wrongful death is not an action which comes within the provision of G. L. c. 260, § 10, respecting the time within which the executor or administrator of a decedent may commence an action which the decedent was "entitled to bring" but did not bring before he died. [539–540]

An action of tort under G. L. c. 229, § 2, as appearing in St. 1958, c. 238, § 1, by the executrix of a testator to recover damages for his death in an automobile accident against the administrator of one who also died in the accident, commenced more than one year after the date of such deaths but within two years after the plaintiff executrix gave bond and

---

more than six months and less than one year after the defendant administrator gave bond, was seasonably brought under c. 229, § 2; c. 260, § 10; and c. 197, §§ 1, 9.    [540, 541–542]

Where evidence of the circumstances of an accident in which an automobile on a fair spring afternoon, while traveling at a moderate rate of speed, left the road at a point at which there was an unobstructed view but there was a sharp curve and upgrade and struck a tree over nine feet from the road's right hand edge showed that nothing outside of the automobile influenced its course, an inference of negligence on the part of its operator was warranted, even though the precise cause of the accident was unexplained, and, in an action of tort under G. L. c. 229, § 2, as appearing in St. 1958, c. 238, § 1, against the administrator of the operator to recover damages for the death of an occupant of the automobile killed in the accident, an inference of the degree of the operator's culpability and an assessment of damages were warranted. [543–544]

TORT.    Writ in the District Court of Central Middlesex dated November 6, 1961.

The action was heard by *Whitney*, J.

*Peter D. Cole* for the defendant.

*Richard S. McCabe* for the plaintiff.

KIRK, J.    This is an action for wrongful death under G. L. c. 229, § 2, as appearing in St. 1958, c. 238, § 1.[1]    The case was heard in the District Court on a statement of agreed facts submitted to the court as evidence.    We treat it not as a case stated but as a case with an agreement as to evidence.    *Duff* v. *Southbridge*, 325 Mass. 224, 226.    The judge found for the plaintiff in the amount of $8,000.    The defendant being aggrieved by the denial of certain requests for rulings claimed a report.    The defendant's appeal from the order of the Appellate Division dismissing the report brings the case to us.

The plaintiff's decedent Leo J. Noon (Noon) was a guest occupant in an automobile driven by the defendant's intestate Elder J. Beford (Beford) which left the road and struck a tree on May 15, 1959.    Both Noon and Beford died at the time of the accident or immediately thereafter as a result of injuries received in the accident.    Noon left heirs at law on whose behalf this action is brought.

---

[1] Hereafter citations to G. L. c. 229, § 2, shall refer to G. L. c. 229, § 2, as appearing in St. 1958, c. 238, § 1.

The plaintiff is the duly appointed executrix of the estate of Noon. Her bond was approved on April 11, 1960. The defendant is the duly appointed administrator of the estate of Beford and his bond was approved on April 18, 1961. The date of the writ in this action is November 6, 1961, and service in hand was made on the administrator on November 10, 1961.

The first issue presented is whether the action has been seasonably commenced. The governing statute, G. L. c. 229, § 2, provides that "[a]n action to recover damages under this section shall be commenced within one year from the date of death or within such time thereafter as is provided by sections four, four B, nine or ten of chapter two hundred and sixty." This action was not commenced within one year from the date of death and therefore is timely only if it is within one of the named exceptions appearing in G. L. c. 260. Since it is not argued that G. L. c. 260, §§ 4, 4B or 9 apply, we direct our attention to § 10, which consists of two sentences.

The instant case is not within the provisions of the first sentence[2] of G. L. c. 260, § 10, in so far as they relate to the death of a person "entitled to bring" an action. "The cause of action [for wrongful death] does not arise until death occurs, when it springs into existence by force of the statute. It is a different cause of action from any which the deceased ever had in his lifetime." *Oliveria* v. *Oliveria,* 305 Mass. 297, 301, and cases cited. The executor or administrator is the one entitled by statute to bring the proceeding. G. L. c. 229, § 2. Therefore the person for whose decease the death action is brought cannot be "a person entitled to bring" the action, nor is there any time

---

[2] "If a person entitled to bring or liable to any action before mentioned dies before the expiration of the time hereinbefore limited, or within thirty days after the expiration of said time, and the cause of action by law survives, the action may be commenced by the executor or administrator at any time within the period within which the deceased might have brought the action or within two years after his giving bond for the discharge of his trust and against the executor or administrator in accordance with the limitations provided by chapter one hundred and ninety-seven, relative to the limitation of actions against the executor or administrator by creditors of the deceased."

"within which the deceased might have brought the action. . . ." That the Legislature did not intend the decease of the person whose death gives rise to the action to bring into operation the above discussed part of G. L. c. 260, § 10, is confirmed by the fact that such an interpretation would make the one year limitation provision found in G. L. c. 229, § 2, inapplicable in every wrongful death action.

The first sentence of G. L. c. 260, § 10, also provides that upon the death of a person liable to any action "before the expiration of the time hereinbefore limited, or within thirty days after the expiration of said time" the action may be brought against the executor or administrator in accordance with the limitations provided by G. L. c. 197. General Laws c. 197, § 9, provides that an action must be brought within one year of the time the administrator furnishes his bond and G. L. c. 197, § 1, bars an action within six months from the time of his furnishing the bond. If the above provision of c. 260 is effective to extend beyond the one year provided in G. L. c. 229, § 2, the time within which the executor or administrator may bring a wrongful death action, then the case before us is timely under the provisions of c. 197. We conclude that the one year limitation is so extended.

It was held in *Bickford* v. *Furber*, 271 Mass. 94, that the provisions of G. L. c. 260, § 10, which at the time contained only the first sentence of the present section, did not apply to an action of wrongful death. The wrongful death statute involved in the *Bickford* case (G. L. c. 229, § 5, as appearing in St. 1925, c. 346, § 9) had no reference to § 10, and provided for a limitation of two years from the date of the injury causing death "except as provided by section four of chapter two hundred and sixty." The court stated that "[t]he plaintiff takes no benefit from G. L. c. 260, § 10, which extends the time for commencing an action in case of the death of 'a person entitled to bring or liable' thereto. This section is a part of the general statute of limitations and does not apply where 'a special provision

is otherwise made relative to the limitation of any action.' G. L. c. 260, § 19. . . . The limitation imposed by G. L. c. 229, § 5, as amended, incorporating a part of G. L. c. 260, § 4, as amended, is special, since, in form, it is included in the statute creating the right and, in substance, is a limitation of the right as well as of the remedy." *Id* at 99. The court concluded that the death action in the *Bickford* case, brought over one year after the death of the plaintiff's decedent, was not timely under the limitation provided in G. L. c. 260, § 4 (applicable to actions "the payment of judgments in which is required to be secured by chapter ninety"). The death of the person liable to the action within the one year did not affect the running of the limitation period because, the court stated, the plaintiff as a creditor could, if necessary, petition for the appointment of an executor.

Subsequent to the decision in the *Bickford* case, the Legislature amended G. L. c. 260, § 10, by adding the second sentence[3] thereof (St. 1937, c. 406, § 2) and amended the wrongful death act (G. L. c. 229, § 5) to make G. L. c. 260, § 10, an exception to the limitation set out in the wrongful death section (St. 1937, c. 406, § 3). We think that in so doing the Legislature made G. L. c. 260, § 10, applicable to wrongful death actions generally.

If the Legislature had intended only the second sentence of G. L. c. 260, § 10, to be applicable to wrongful death actions, then there would have been no reason to refer to § 10 in the wrongful death act itself. The second sentence of § 10, applicable only to actions to which G. L. c. 260, § 4, applies, is sufficiently incorporated into the wrongful death act by the reference in the death act to § 4. The second sentence of § 10 is, by its terms, a specific extension of the limitation of § 4 in wrongful death actions wherein the person liable to the action dies within the specified

---

[3] "If a person, liable to an action for death the payment of the judgment in which is required to be secured by chapter ninety, dies before the expiration of the time limited in section four, or within thirty days after the expiration of said time, the action may be commenced against the executor or administrator subject to the pertinent limitations in chapter one hundred and ninety-seven, relative to the limitation of actions against the executor or administrator by creditors of the deceased."

period.  Therefore, the Legislature, in inserting specific reference to § 10 in the wrongful death act, must have intended to make § 10 applicable to wrongful death actions generally, and not just those to which § 4 applies.

The defendant has argued, however, that G. L. c. 260, § 10, cannot apply to the present action because, by its terms, it applies only to "any action before mentioned" and the case before us is not within any preceding section of c. 260. We think that the specific reference in G. L. c. 229, § 2, to § 10, makes the wrongful death action one "before mentioned" and the limitation within it a "time hereinbefore limited."  We conclude, for the reasons stated, that the first sentence of G. L. c. 260, § 10, applies to wrongful death actions, and the present action is timely.  The conclusion we have reached makes it unnecessary to discuss the denial of certain requests by the defendant for rulings and certain findings of the judge relating to the application of G. L. c. 90 and the provisions of G. L. c. 260, § 10, which deal with the death of a person entitled to bring an action. The errors, if any, were harmless.

The defendant also asserts that the court's finding of negligence on the part of the defendant's decedent was not warranted by the evidence.  The following facts appear from the report:  The accident occurred at approximately 4:20 P.M. as the Beford car was going south on Route 27. The day was fair and no other cars were involved.  An eyewitness who followed the Beford car for two miles stated that the car was traveling at a moderate rate of speed, between thirty-five and forty miles an hour.  There was no erratic movement or operation of the Beford car during that time according to the witness.  Nothing on the road interfered with the operation of the Beford car, yet it left the road and struck a tree.  It did not veer sharply nor did the brake lights flash.  Another eyewitness confirmed in almost every detail the above description of the accident, stating in addition that he heard neither the sound of a blowout nor tire skids.  It did not appear to him that the car slowed by braking before striking the tree.  The Maynard police report states, "Beford for some unknown rea-

son left the roadway and left a tire mark 72 feet long on the shoulder before striking a tree on the right side of the road which was 9' 6" from the road's edge.'' A fire developed under the hood of the car and another underneath the car after it struck the tree. There were no brake marks or marks of any kind on the paved part of the road. There were no defects in the road surface which was dry. The view was not obstructed where the Beford car left the road but there was a sharp curve and upgrade at that point.

The defendant asserts that on the above facts a finding of negligence would be speculative. We disagree. It is true that the mere occurrence of a motor vehicle collision is not in itself evidence of negligence. *Reardon* v. *Boston Elev. Ry.* 247 Mass. 124, 126–127. *Hendler* v. *Coffey,* 278 Mass. 339, 340. *Rogers* v. *Dalton,* 298 Mass. 146, 148, *Sutherland* v. *McGee,* 329 Mass. 530, 531. The reason for the rule is set out in *Reardon* v. *Boston Elev. Ry.* 247 Mass. 124, 126–127, quoting from *Wing* v. *London Gen. Omnibus Co.* [1909] 2 K. B. 652, 663, 664.

In the instant case, however, the eyewitness testimony shows that nothing outside of the Beford car influenced its course. Thus, while the precise cause of the accident is unexplained, Beford had sole control and management of the automobile which, uninfluenced by any outside agency, left the road and struck the tree. An inference of negligence on the part of the defendant's decedent is warranted on the basis of the described circumstances. See *Bryne* v. *Great Atl. & Pac. Tea Co.* 269 Mass. 130, 131; *Hendler* v. *Coffey,* 278 Mass. 339, 340–341; *Gangi* v. *Adley Exp. Co. Inc.* 318 Mass. 762, 764; *Macharic* v. *Storey,* 317 F. 2d 151, 154 (Ct. App. D. C.); *Druzanich* v. *Criley,* 19 Cal. 2d 439, 444; *Knox* v. *Simmerman,* 301 Pa. 1, 4. The plaintiff is not required to show that a specific negligent act or omission of the defendant's decedent caused the collision. It is enough that the evidence in the instant case made it more likely that the accident was due to the negligence of the defendant's decedent rather than to some other cause. See *Glaser* v. *Schroeder,* 269 Mass. 337; *Gangi* v. *Adley Exp.*

*Co. Inc.* 318 Mass. 762; *Pelland* v. *D'Allesandro,* 321 Mass.
387, 389; *Poulin* v. *H. A. Tobey Lumber Corp.* 337 Mass.
146, 148–149, and cases cited.

What we have said above is also applicable to the defendant's argument that the damages awarded are speculative.
The death act in effect at the time of the accident provided
that the wrongdoer "shall be liable in damages in the sum
of not less than two thousand nor more than twenty thousand dollars, to be assessed with reference to the degree of
his culpability. . . ." G. L. c. 229, § 2. Thus the quantum
of the defendant's negligence is the sole factor in assessing
damages. *Porter* v. *Sorell,* 280 Mass. 457, 459. We think
that just as the negligence of the defendant's decedent may
be inferred from the facts in the case, the degree of his
culpability can also be inferred. It is not argued that the
finding for the plaintiff of $8,000 was excessive. There
was no error in the denial of the defendant's requests on
the issues of negligence or culpability.

*Order dismissing report affirmed.*