*Northern Division*
No. 6076

**JEAN DeSTEFANO, ET ALI**

v.

**SAM PANEBIANCO**

*Present*: Brooks, P. J., Parker & Yesley, JJ.

Case tried to *Loschi, J.* in the First District Court of Eastern Middlesex. Nos. 1793, 1794, 1795, 1796, 1797 of 1964.

*Parker, J.* These are five actions of tort[*] brought by (1) Jean DeStefano; (2) Donna Simpson, ppa; (3) Elaine Simpson, ppa; (4) Kathleen Simpson, ppa; and (5) Marie Simpson to recover for personal injuries alleged to have arisen from the negligent operation of a motor vehicle by the defendant on 5 November 1963, whereby the motor vehicle struck a building in which the plaintiffs were occupants. The defendant's answer was a general denial and an allegation of contributory negligence on the part of the plaintiffs. The court found for all plaintiffs.

*There was evidence as follows:*

On 5 November 1963 at about 12:15 p.m. the defendant was operating an ambulance on Belmont Street, Malden. The weather was clear and the street was dry. The defendant had been operating the ambulance since 8:30 a.m. that day and had made many stops, using the foot brake and on some occasions the emergency brake. Prior to his arrival on Belmont Street, the brakes operated normally and he had no trouble prior to that time. When the ambulance was at a point about 150 feet back from the intersection of Ferry and Belmont Streets, which is a "T" shaped intersection, he was proceeding at a speed between 15 and 20 miles per hour,

[*] These cases were remanded by the Superior Court.

answering an emergency. At this point, he applied his foot brake and "his foot went right down to the floor". He immediately put on his siren, the flashing light being on, and applied the emergency brake, but the ambulance did not slow down. He attempted to steer the ambulance into a pole on the far side of Ferry Street, but the ambulance glanced off the pole, knocking it down and proceeded over the curbstone and collided with the building numbered 490 Ferry Street, going three quarters of the way into a store located there. The plaintiff DeStefano, the occupant of an apartment directly behind the store, was about to sit down in her kitchen when she fell to the floor at the time the building was struck by the ambulance. The other plaintiffs occupied an apartment directly above the store. When the building was struck, Donna was sitting on a chair which tipped over and she fell to the floor. Elaine was lying in a crib and the impact of the accident caused the spring part of the crib to fall apart and she fell to the floor on the mattress. Kathleen was on a chair from which she fell, striking her nose and face against a table, and Marie was standing on a chair hanging curtains, and the impact caused her to jump from the chair and she was injured. The building vibrated at the impact and it sounded as if an explosion had occurred.

The court found as facts that the brakes of the ambulance operated by the defendant were not in good working order, that the

defendant had knowledge of the same, that the defendant was unable to stop his car because of the faulty brakes and ran into the building where the plaintiffs lived, causing them injuries for which the actions were brought.

In each of the five cases the defendant filed the following three requests for rulings which were denied by the court.

1. The evidence requires a finding for the defendant.

3. The evidence requires a finding that the defendant was in the exercise of due care.

4. The evidence requires a finding that the plaintiff have not proven that any acts or omissions of the defendant was the proximate cause of the injuries alleged by the plaintiffs.

The defendant claims to be aggrieved by the court's rulings on the above three requests.

From the evidence, it is plain that the proximate cause of the injuries to the plaintiffs was the collision of the truck with the building. The evidence was that the truck went three-quarters of the way into the store in the building and that the building vibrated on impact and it sounded as if an explosion had occurred. It is plain that the court could find that the collision of the truck and the building was the proximate cause of the plaintiffs' injury. The collision was the efficient cause which set in motion the train

of events which brought about the injuries to the plaintiffs without the intervention of any force started and working actively from a new and independent source. *Lynn Gas & Electric Co. v. Meriden Fire Ins. Co.,* 158 Mass. 570, 575.

Was there evidence upon which the court could have found that the negligence of the defendant caused the collision and so the injuries to the plaintiffs?

On the evidence, the court could have found that the ambulance was going at an excessive rate of speed as it entered the "T" intersection of Belmont and Ferry Streets. The speed was such that the emergency brake failed to stop it, and was so great that the ambulance went across the sidewalk and three-quarters of the way into a store in the building. The defendant put on his siren first, rather than the emergency brake. He was answering an emergency call. The force of the collision caused the building to vibrate and at the impact, it sounded as if an explosion had occurred. The impact caused the plaintiff DeStefano to fall to the floor; it tipped over the chair in which the plaintiff Donna was sitting; it caused the crib in which the plaintiff Elaine was lying to fall apart; it caused the plaintiff Kathleen to fall. From all this, on the basis of common experience, it is not unreasonable to infer that the ambulance would not have left the road and collided with the building without negligence on the part of the defendant. It could be

inferred from the force of the impact and the distance travelled by the ambulance after the emergency brake was applied that the speed was excessive or that the defendant was inattentive. In the ordinary experience of mankind, a moving vehicle does not without negligence of those responsible for it come into collision with a building of this size. The court could infer and find that the ambulance in entering the "T" intersection was proceeding at a speed so fast that it could not negotiate the right angle turn and so went off the road and collided with the building causing the plaintiffs their injuries. *Poulin v. Tobey Lumber Corp.,* 337 Mass. 146; *Kerr v. Palmieri,* 325 Mass. 554, 556; *Gangi v. Adley Express Co., Inc.,* 318 Mass. 762; *Bryne v. Great Atlantic & Pacific Tea Co.,* 269 Mass. 130; *Washburn v. Owens Co.,* 252 Mass. 47, 54.

There was no error in the denial of the defendant's requests #1, #3, and #4.

*The report will be dismissed.*

Morris Karll for the Plaintiffs
Robert L. Athos for the Defendant.