# RESCRIPT OPINIONS.

COMMONWEALTH *vs.* GEOFFREY D. GORDON. December 9, 1982. Gordon was convicted before a jury of six persons in a District Court after an earlier bench trial by a District Court judge. He was charged on separate complaints with (a) operating a motor vehicle negligently so as to endanger the lives and safety of the public, and (b) intentional possession of a class B controlled substance, cocaine. Both complaints arose in the following circumstances, which the jury could have found on the evidence.

On December 2, 1980, two Watertown police officers arrived at the scene of a three-vehicle accident. "The physical evidence indicated that . . . [Gordon's] automobile had left the roadway, crossed the curb onto the shoulder of the road, grazed a small building, and entered a parking lot striking a parked automobile pushing it into another parked automobile." The front of Gordon's "automobile was smashed and the windshield shattered." There was testimony from an officer that Gordon "told him all he could remember about the accident was he reached over to get his briefcase and the next thing he knew the accident happened."

Gordon, "unsteady on his feet" had been injured. His "eyes were unblinking and glassy," his "speech was slurred," and, in one officer's opinion, Gordon "was operating under the influence of 'something.'" He was placed under arrest and taken to the police station, seated alone in the back seat but handcuffed behind his back, with his brief cases beside him. During the ride one officer observed Gordon "turn and reach into one of the briefcases" and "saw a 'dark object' in . . . [Gordon's] hand." The officer told him to "keep out of his case and that he could get what he needed at the [police] station." At the police station, the officer "found a vial on the seat behind where . . . [Gordon] was sitting." The vial's contents were analyzed and found to contain cocaine.

1. The trial judge, in the circumstances, acted within his discretion in denying severance of the two charges which grew out of one transaction and would be proved by substantially the same evidence. *Commonwealth* v. *Hoppin,* 387 Mass. 25, 32-33 (1982). Certainly there was no "clear abuse of discretion." *Commonwealth* v. *Borans,* 379 Mass. 117, 149 (1979). See Mass.R.Crim.P. 9(a)(1), (3), and (d), 378 Mass. 859-860 (1979).

2. From the physical evidence, from Gordon's admission to the officer about reaching over to get his briefcase, and from his confused conduct

immediately after the accident, the jury reasonably could infer that Gordon at least had been negligently inattentive and possibly had been driving under the influence of a drug. See *Lonergan* v. *American Ry. Exp. Co.*, 250 Mass. 30, 36 (1924); *Bryne* v. *Great Atl. & Pac. Tea Co.*, 269 Mass. 130, 131 (1929); *Dinardi* v. *Herook*, 328 Mass. 572, 574-575 (1952); *O'Rourke* v. *MacAllister*, 350 Mass. 777, 778 (1966); *Commonwealth* v. *Burke*, 6 Mass. App. Ct. 697, 701 (1978). See also *Noon* v. *Bedford*, 349 Mass. 537, 543 (1965). The evidence, without resort to conjecture or surmise, was sufficient to support a jury finding of negligent operation so as to endanger the public. See cases collected in Nolan, Criminal Law § 574 (1976 & Supp. 1982). Compare *Commonwealth* v. *Fancy*, 349 Mass. 196, 200 (1965). The judge did not err in refusing to direct verdicts for Gordon.

3. The vial, which was found to contain cocaine, was introduced without objection on the testimony of the officer who had attached a tag to it when he took possession of it and he identified it at trial. See *Commonwealth* v. *Hogg*, 365 Mass. 290, 294 (1974). See also *Commonwealth* v. *Rodriquez*, 364 Mass. 87, 94 (1973), Liacos, Massachusetts Evidence 394 (5th ed. 1981). Any frailties in the testimony concerning the chain of custody of the vial went only to the weight of the evidence. *Commonwealth* v. *Berth*, 385 Mass. 784, 791 (1982). There was sufficient evidence to show that the vial, the contents of which were analyzed, was that seized by the arresting officer. There thus was no error in receiving in evidence the certificate of the analysis of the vial's contents.

4. The trial judge acted within the limits of his discretion in declining to permit a tape recording of Officer Eldredge's earlier testimony to be played at trial. Although for many purposes (see, e.g., *Commonwealth* v. *Vaden*, 373 Mass. 397, 400-401 [1977]) a tape recording may be admitted in evidence, a defendant, desiring to use for impeachment purposes a tape recorded in a District Court, may reasonably be required to have transcribed the relevant portion of the tape-recorded testimony. In that way, usual methods of impeachment may be followed without having the jury hear the whole tape. The defendant's summary of the evidence (see Mass.R.A.P. 8(c), as appearing in 378 Mass. 933 [1979]) is not complete enough to show the context in which, or the grounds upon which, the trial judge refused to permit the tape to be played.

*Judgments affirmed.*

*Evan T. Lawson (Paul M. Osborne with him) for the defendant.*

*Susan C. Mormino,* Assistant District Attorney, for the Commonwealth.