Dohoney, J.
The plaintiff sued the defendant for personal injuries sustained when the plaintiff sat in a chair at the defendant’s premises. The defendant denied any liability. The trial justice found for the defendant.
From the Report we learn that the defendant runs a race track and the plaintiff was a patron. The plaintiff sat on a chair supplied by the defendant for about one hour. He then left and returned and again sat on the chair. The chair gave way and the plaintiff fell to the floor and sustained his injuries. The chair was made of metal and was held together by welds. There was evidence that the welds had fallen out There was evidence that the maintenance crew check the chairs on regular basis and that the chairs are looked at when they are moved each day to clean the area.
The trial justice made detailed findings of fact and acted scrupulously on plaintiff’s Requests for Rulings. The trial justice found that the legs of the chair were made of two lengths of welded tubing and that each was U-shaped to form afront and back leg. He found that “there appeared nothing odd about the chair, it did not wobble before collapsing; there was no rusting at the area where the welds gave way.” fin his written decision the trial justice stated that “there is insufficient evidence that the defendant in the exercise of reasonable care should have the detected any defect that existed.”
Cases involving collapsing chairs appear to be relatively common in older Massachusetts appellate decisions. From a reading of all these cases, there is no doubt that thedefendantowedtheplaintiffadutyofcare. See Bell v. Dorchester Theatre Company, 314 Mass. 536 (1943). There is also no doubt that the plaintiff introduced sufficient evidence towarrant a finding of negligence. See Matthews v. L&L Enterprises, Inc., 314 Mass. 538 (1943), but contrast Meehan v. Knights of Columbus Alhambra Council No. 88, 319 Mass. 725 (1946).
However, the issue in this case is whether the trial justice was obligated to find negligence on the part of the defendant Since there was no evidence of actual negligence on the part of the defendant, the plaintiff’s case rests on the application of the doctrine of res ipsa loquitur. This doctrine
is a rule of evidence which applies where the direct cause of the accident and so much of the circumstances as were essential to its occurrence were within the sole control of the defendant... and permits the fact finding tribunal to infer from the occurrence itself that in the light of ordinary experience the accident would not have happened unless the defendant had been negligent
Couris v. Casco Amusement Corp., 333 Mass. 740 (1956).
NOLAN AND SARTO RIO,TORTLAW,Section232 (Second Edition 1989) defines res ipsa loquitur as
*172 simply an application of the rule of evidence which permits the trier of fact to draw reasonable inferences from circumstantial evidence.
An essential part of the doctrine of res ipsa loquitur is that the trier of fact is never obligated to draw these inferences. NOLAN AND SARTORIO, supra, goes on to say that the doctrine
does not require the drawing of such inference ... the plaintiff has the benefitof an inference of negligence. The trier of fact is not compelled to find negligence. The rule does not carry the force of a presumption nor of prima facie evidence....
Applying these principles to our case, the trial justice simply declined to draw the inference of negligence. His feet findings, his treatment of the Requests for Rulings of Law, and his written decision make very clear that he simply was not making a finding of negligence. The trial justice cited Piligian v. United States, 642 F. Supp. 193, 197 (D. Mass. 1986). This case involved a very similar fact pattern. Judge Young stated
Neither common sense nor anything in the record compels the conclusion that only poor maintenance or careless inspection will lead to a chair’s breaking. It is quite plausible that the defect which caused the collapse developed slowly and was not detectable fromnormal inspection. The Court is not convinced that the exercise of reasonable care will prevent all, or even most, folding chairs breaking.
This is especially true in our case where the plaintiff sat in the chair for about an hour and apparently did not detect any weakness.
Since this involves the declination of the trial justice to make a finding of fact, our review cannot extend to the domain of the trial justice and disturb his conclusion.
Accordingly, the Report is Dismissed.