The defendant was convicted after a jury-waived trial of negligent operation of a motor vehicle and three counts of wanton destruction of property. He argues on appeal that the evidence was insufficient to support these convictions. We affirm.
Because the defendant failed to move for required findings of not guilty at the close of the Commonwealth's case, "we consider whether the evidence during the entire trial, including the evidence presented during the defendant's case, was sufficient to sustain the conviction[s]." Commonwealth v. Dustin, 476 Mass. 1003, 1003 (2016).[2] In assessing sufficiency, we examine the evidence, and the reasonable inferences therefrom, in the light most favorable to the Commonwealth to determine whether any "rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt." Commonwealth v. Mendez, 476 Mass. 512, 523 (2017).
1. Negligent operation. To convict a defendant of negligent operation of a motor vehicle under G. L. c. 90, § 24(2)(a ), the Commonwealth must prove that the defendant "(1) operated a motor vehicle (2) upon a public way (3) negligently so that the lives or safety of the public might be endangered." Commonwealth v. Ross, 92 Mass. App. Ct. 377, 379 (2017). The defendant challenges only the third element, arguing that the Commonwealth failed to prove that he operated a motor vehicle in a negligent manner. We disagree.
"The statute only requires proof that the defendant's conduct might have endangered the safety of the public, not that it in fact did." Commonwealth v. Jewett, 471 Mass. 624, 630 (2015), quoting from Commonwealth v. Ferreira, 70 Mass. App. Ct. 32, 35 (2007). Here, the defendant was driving his vehicle in a residential area at night when he crossed a marked lane and went through three front yards, damaging fences, mailboxes, and a flower bed. A responding police officer observed that the defendant was unsteady on his feet and had bloodshot and glassy eyes. The officer also noticed a strong odor of alcohol emanating from the defendant and an empty "nip" of whiskey inside the car. Although the defendant first said he had consumed two drinks, later, after receiving Miranda warnings, he admitted to drinking "about five nips." He also admitted that he did not have a driver's license and that he "was on the phone, and that the next thing he knew he was in [a resident's] front lawn." This evidence was sufficient for a rational trier of fact to find that the defendant negligently operated his vehicle. See Commonwealth v. Gordon, 15 Mass. App. Ct. 901, 901-902 (1982) (affirming based on evidence that defendant was inattentive while driving and possibly under the influence of drugs); Commonwealth v. Daley, 66 Mass. App. Ct. 254, 256 (2006) (affirming based on evidence that defendant drove while intoxicated, crossed marked lanes, and nearly struck a road sign).[3]
2. Wanton destruction of property. We likewise reject the defendant's argument that the Commonwealth failed to prove that he wantonly destroyed property in violation of G. L. c. 266, § 127. An act is wanton when it is done with "a spirit of indifference or recklessness." Commonwealth v. Ruddock, 25 Mass. App. Ct. 508, 512-513 (1988). "Wanton damage or destruction of property ... is a general intent crime that requires only a showing that the actor's conduct was indifferent to, or in disregard of, the probable consequences." Commonwealth v. Chambers, 90 Mass. App. Ct. 137, 142 n.4 (2016).
Here, a rational trier of fact could have found that the defendant drove his vehicle with indifference to the probable consequence of property damage. The defendant's conduct of driving through a residential area at night, after consuming "about five nips" of alcohol, and while talking "on the phone," created a substantial risk that he would crash into and damage or destroy property. The evidence was thus sufficient to prove that he acted wantonly. See Ruddock, 25 Mass. App. Ct. at 513-514 (defendant acted wantonly by jumping over hood of car because "risk that he might not clear the car" created "likelihood of substantial harm"). Cf. Commonwealth v. McDowell, 62 Mass. App. Ct. 15, 24 (2004) (evidence sufficient to support convictions of defacing personal property, where defendant acted wantonly by driving vehicle in residential area while impaired).
3. Deterioration. Lastly, the defendant contends that the evidence was insufficient because the Commonwealth failed to investigate the broken front strut of his vehicle to determine whether it failed and caused the crash. We construe his argument to be asserting deterioration, which "occurs where 'evidence for the Commonwealth necessary to warrant submission of the case to the jury is later shown to be incredible or conclusively incorrect.' " Ross, 92 Mass. App. Ct. at 381, quoting from Kater v. Commonwealth, 421 Mass. 17, 20 (1995). Where, as in this case, "the Commonwealth has presented sufficient evidence that the defendant committed the crime, the fact that the defendant has presented evidence that he did not does not affect the sufficiency of the evidence unless the contrary evidence is so overwhelming that no rational jury could conclude that the defendant was guilty." Ibid., quoting from Commonwealth v. O'Laughlin, 446 Mass. 188, 204 (2006). Here, the defendant offered an expert who testified that the vehicle's front strut was broken but that she could not determine whether it caused the crash because the Commonwealth failed to take photographs of the bottom of the vehicle. This testimony did not show that the Commonwealth's evidence was "incredible or conclusively incorrect" and therefore did not deteriorate its case-in-chief. Ibid., quoting from Kater, supra.
Judgments affirmed.

Here, even had such a motion been made, the evidence presented in the Commonwealth's case-in-chief was sufficient to prove the defendant's guilt beyond a reasonable doubt.

Although the judge found the defendant not guilty of operating a motor vehicle while under the influence of intoxicating liquor, the judge could still consider evidence of the defendant's intoxication in determining negligent operation. See Ross, 92 Mass. App. Ct. at 380.